## WILLIAM A. BOLEY

*v.*

## BERNARD BARUTIO.

*Filed at Springfield March 23, 1887.*

1. TENANTS IN COMMON—*liability of one to another for use and occupation.* Where tenants in common of premises make a parol agreement, whereby one is to use one particular portion and the other another portion thereof, and the property continues to be so used by the parties for several years, after which one of them appropriates the use of the entire building to himself, being notified by the other that he will charge rent for his half, the latter may recover of the former for the use and occupation of the same.

2. In order, however, to render one tenant in common liable to his co-tenant for rent, or use and occupation, there must be something more than mere occupancy of the estate by one, and a forbearance to occupy by the other. But the one may become liable to the other for rent, without an express agreement for its payment. Such an agreement may be implied from the conduct and the relations of the parties, although the relation of landlord and tenant will not be so readily inferred as if the parties were strangers in estate.

3. SAME—*remedies as among themselves.* If the conduct of co-tenants toward each other in relation to the occupancy of the premises has been such as that an agreement to use, each a particular part of the premises, can reasonably be implied, then either one being disturbed in his occupancy by the other, is entitled to the same remedies as though no relation of co-tenancy existed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. N. W. GREEN, Judge, presiding.

Mr. B. S. PRETTYMAN, and Mr. WM. DON MAUS, for the appellant:

There can be no recovery at law by one tenant in common against his co-tenant, who merely occupied the premises which both are entitled to possess. Tenants in common must join in an action for rent. 4 Kent's Com. (9th ed.) 409.

A tenant in common in possession can not be held liable in trover to his co-tenant, for his portion of the crop grown on the land. *Keisel* v. *Earnest*, 21 Pa. St. 90.

The mere occupancy of the premises by one tenant in common would not, of itself, at common law, have entitled his co-tenant to call him to an account. Coke on Litt. 200 b.

The possession of one co-tenant is the possession of the others, and the taking of the whole profits by one, does not amount to an ouster of his companion. But if one actually ousts the other, or affords, by his acts, sufficient grounds for a jury to presume an ouster, the one that is ousted will be driven to his action of ejectment. 4 Kent's Com. 410, 411, note c.

There must be something more than the occupancy of the estate by one, and a forbearance by the other to occupy. 1 Washburn on Real Prop. (2d ed.) 436; *Chapin* v. *Foss*, 75 Ill. 280; *Sconce* v. *Sconce*, 15 Bradw. 169; *Sargeant* v. *Parsons*, 12 Mass. 149; *Calhoun* v. *Curtis*, 4 Metc. 413.

The cases in regard to the liability of a co-tenant who enjoys the whole, or more than his share, of the common property, but receives nothing from third persons on its account, under the rule of construction of the Statute of Anne, prevailing in England, are to the effect that the co-tenant so occupying is not liable to account; and that rule of construction has been adopted in the majority of instances in which it has been called in question in the United States. Freeman on Co-tenancy and Partition, 295.

Parol partition, to be valid and binding on the parties, must be followed by several possessions. *Vasey* v. *Board of*

*Trustees,* 59 Ill. 188; *Manly* v. *Pelter,* 38 id. 128; *Nichols* v. *Padfield,* 77 id. 253; *Shepherd* v. *Rinks,* 78 id. 188.

Mr. T. N. GREEN, for the appellee:

The law will, in a proper case, imply an agreement between tenants in common to pay rent. *Chapin* v. *Foss,* 75 Ill. 280.

Where one occupies the premises of another, after being notified that if he does so he will be expected to pay rent, he will be bound to pay rent. *Railroad Co.* v. *Thompson,* 116 Ill. 159.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is assumpsit by appellee against appellant for the use and occupation of the south half of an ice-house in Pekin, built, in 1874, by appellant and appellee, at their joint expense, upon certain lots, of which each owned an undivided one-half. There was a trial before a jury in the circuit court of Tazewell county, resulting in verdict and judgment for appellee, which judgment has been affirmed by the Appellate Court.

The proof tends to show, that, in 1875, a partition was put in the building, running from east to west, and dividing it into two equal parts; that, thereafter, for seven years, appellant occupied and used the north half, and appellee the south half, the whole building being filled, each season, with ice, and appellant taking the ice in the north half, and appellee the ice in the south half; that, in the years 1883, 1884 and 1885, appellant occupied the whole building, taking the ice out of the south half, as well as the north half; that, in 1883, appellee notified appellant in writing, that he would charge him rent for the south half.

It is true, that, in order to render one tenant in common liable to another for rent, or use and occupation, there must

be something more than occupancy of the estate by one, and a forbearance to occupy by the other. But one co-tenant may be liable to another for rent without an express agreement by the one to pay rent to the other. An agreement to pay for use and occupation may be implied, as well where the parties are tenants in common, as in any other case, the only difference being that the relation of landlord and tenant will not be so readily inferred from occupation in the case of a co-tenant, as in the case of a stranger. If the conduct of the co-tenants towards each other, in relation to the occupancy of the premises, has been such, that an agreement to use, each a particular part of the premises, can be reasonably implied, then either, on being disturbed in his occupation by the other, is entitled to the same remedies, as though no relation of co-tenancy existed. 4 Kent's Com. 370; Freeman on Co-tenancy and Partition, sec. 268; *Illinois Cent. Railroad Co.* v. *Thompson*, 116 Ill. 159; *Oakes* v. *Oakes*, 16 id. 106; *Chapin* v. *Foss*, 75 id. 280.

The jury were instructed by the trial court, that, if they found the facts above recited to be established by the evidence, plaintiff was entitled to recover what the use and occupation of the south half of the ice-house for the three years in question was reasonably worth. We find no error in the instruction so given, nor in the refusal of those, not given. There was evidence in the record upon the questions, to which the attention of the jury was directed by the instructions. Whether plaintiff and defendant made a parol partition of the premises, and, in pursuance thereof, took exclusive possession of their respective parts by mutual agreement, and whether thereafter defendant went into possession of the part, assigned to plaintiff, and occupied it, were questions of fact, upon which the decision of the Appellate Court is final.

The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*