LEOLA CLARK, Plaintiff-Appellee, *v.* MARVIN COVINGTON,
Defendant-Appellant.

First District (1st Division)    No. 81-1725

Opinion filed July 12, 1982.

Martin Tiersky, of Lincolnwood, for appellant.

Joseph L. Dombrowski, of Chicago (Joan Sorensen, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Leola Clark, brought this action seeking partition of certain real property which she and defendant, Marvin Covington, owned in joint tenancy. The trial court granted plaintiff's request for partition and ordered the appointment of an appraiser to ascertain the rental value of the property for the time that defendant was in sole possession of the property. On appeal, defendant raises the following issues: (1) whether the trial court had authority to appoint an appraiser for the purpose of

determining the rental value of the premises; and (2) whether the trial court erred in accepting the report of the appraiser.

The record discloses that plaintiff and defendant purchased a home in Chicago, Illinois, in 1971 with title to the property taken in the names of "Marvin Covington and Leola Covington, his wife," as joint tenants. In October 1978, plaintiff brought this action for partition of the parties' real property pursuant to statute. (Ill. Rev. Stat. 1977, ch. 106, par. 44 *et seq.*) Plaintiff also sought "such other and further or different relief herein as the court shall deem equitable and proper." At trial, the parties' testimony established that they lived together in the home from August 1971 until April 1974, at which time plaintiff moved out. Thereafter, defendant had sole possession of the premises. Following the close of the evidence, the court entered an order granting partition of the parties' property. The court also informed the litigants that it intended to appoint an appraiser to ascertain the rental value of the property for the time that defendant was in sole possession of the premises. An order appointing the appraiser was entered July 8, 1980. On October 6, defendant moved to vacate the appointment of the appraiser on the grounds that the appointment of an appraiser in a partition action was not authorized by statute, that the appointment violated the constitutional prohibition against fee officers and that neither the pleadings nor evidence demonstrated that plaintiff was entitled rental for the property. The court denied defendant's motion on October 24. In January 1981, following a hearing on the appraiser's report, the court denied defendant's motion to strike the report. On February 9, the court appointed a commissioner and found, *inter alia*, that a reasonable rental of $8,751.81 be assessed against defendant's interest in the property for the period that defendant had sole possession of the property. On June 12, 1981, the court, having approved the commissioner's report of May 15, ordered that the property be sold with the proceeds of sale being divided pursuant to the court's order of February 9. Defendant appeals from the court's orders pertaining to the appointment of the appraiser, and its finding that a rental charge be assessed against defendant's interest in the property.

Defendant contends that the trial court erred in appointing an appraiser to determine the rental value of the property for the time that defendant was in sole possession of the property. Defendant argues that plaintiff's complaint failed to request any relief or credit for rent and that plaintiff did not present any evidence at trial to warrant the award of rent to plaintiff. Defendant maintains that the appointment of the appraiser violates the Illinois constitutional provision which prohibits the appointment of fee officers. (Ill. Const. 1970, art. VI, sec. 14.) Defendant also urges that the appointment of an appraiser is not authorized by statute.

Plaintiff argues that in partition suits, as in other equitable matters, it

is the province of the court to make findings of fact and to decide the equities. Plaintiff maintains that in the instant case, the evidence was uncontroverted that defendant had sole possession of the premises from 1974 to the time of the trial. She contends that since she was not in possession of the property during that time, she suffered detriment. Plaintiff urges that based on this evidence, the court properly found that she was entitled to a reasonable rental value for the time that she did not have possession of the property. Plaintiff also argues that defendant failed to object to the appointment of the appraiser until after the appraiser's report had been submitted. Plaintiff urges that the appointment of an impartial expert is within the sound discretion of the trial court.

■■ An examination of the general principles pertaining to joint tenancy discloses that, subject to the rights of his cotenants, a tenant is entitled to use and enjoy jointly owned property as though he were the sole owner of the property. (*Massman v. Duffy* (1947), 333 Ill. App. 30, 76 N.E.2d 547.) In order to render one cotenant liable to another cotenant for the rent or use of jointly owned property, there must be something more than mere occupancy of the property by one and forebearance from occupancy by another. *Boley v. Barutio* (1887), 120 Ill. 192, 11 N.E. 393.

■■ In the instant case, plaintiff has conceded that her complaint did not allege facts or include a prayer for relief which indicated that she was seeking rent from defendant. Plaintiff also has conceded, both in her brief and during oral argument, that she did not proffer any evidence on the issue of rent, but argues that testimony that defendant was in sole possession after April 1974 was sufficient to sustain the trial court's decision. The evidence established that plaintiff voluntarily vacated the premises in April 1974 and that, thereafter, defendant occupied the home by himself. Plaintiff has not cited any authority to support her claim that she was automatically entitled to receive rent from defendant after she voluntarily left the home. Since defendant was entitled to the exclusive use of the home after plaintiff voluntarily moved out of the home, plaintiff was not entitled to receive rent from defendant for the time that defendant was in sole possession of the home. See *Anderson v. Anderson* (1978), 62 Ill. App. 3d 468, 378 N.E.2d 1079.

■■ The evidence in this case as disclosed by the record did not warrant or sustain the finding that plaintiff was entitled to receive rent from defendant since neither the pleadings nor proofs demonstrated that she was entitled to receive rent from defendant. Accordingly, we reverse those orders of the trial court as they pertain to the appointment of the appraiser and the acceptance of his report and the finding of the trial court that plaintiff was entitled to receive rent from defendant. Because of our decision, we find it unnecessary to consider the other issues raised by defendant in this appeal. Therefore, this cause is remanded to the circuit

court of Cook County for further proceedings consistent with the views expressed herein.

Judgment reversed and remanded.

McGLOON and GOLDBERG, JJ., concur.