JOHN ZEDELLA, Plaintiff-Appellant, v. DANIEL J. GIBSON *et al.*, Defendants-Appellees (Steven A. Grist *et al.*, Plaintiffs; Daniel J. Gibson *et al.*, Defendants).

Fifth District   No. 5—92—0361

Opinion filed August 5, 1993.

WELCH, J., dissenting.

Don E. Prosser, of Gilbert, Kimmel, Huffman & Prosser, Ltd., of Carbondale, and Glenn A. Schwartz, of Schwartz, Freidin & Associates, of Chicago, for appellant.

Paul R. Lynch and Melissa S. Ellison, both of Craig & Craig, of Mt. Vernon, for appellee Robert Gibson.

JUSTICE MAAG delivered the opinion of the court:

On October 25, 1991, the circuit court of Jackson County dismissed count II of the plaintiff's first amended complaint and entered a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). It is from that order that plaintiff appeals.

On April 4, 1990, the plaintiff, John Zedella, was riding as a passenger in an automobile driven by defendant Daniel Gibson. This vehicle, a 1987 Dodge Shadow, was involved in a collision with another vehicle, operated by Steven Grist.

Plaintiff filed suit against Daniel Gibson and Steven Grist for injuries allegedly received in the accident.

Later, the complaint was amended to add Robert Gibson as a defendant. Count II of the amended complaint claimed that Robert was the father of Daniel and was liable to the plaintiff on the theory that Robert had negligently entrusted to Daniel the vehicle he was operating at the time of the accident. Specifically, count II claimed that Robert was the owner of the vehicle and knew or should have known that Daniel was a reckless and dangerous driver and had committed the following traffic offenses:

1. 1983—Daniel was convicted of four speeding violations.

2. 1984—Daniel was convicted of illegal transportation of alcohol.

3. 1985—Daniel was convicted of driving on the wrong side of the road, speeding, and operating a vehicle without proper equipment.

4. 1985—Daniel pleaded guilty to driving under the influence of alcohol (DUI).

5. 1986—Daniel's driving privileges were suspended by the Secretary of State.

6. 1988—Daniel was convicted of disregarding a traffic light and speeding.

7. 1989—Daniel was involved in a one-car accident in New Orleans, Louisiana.

Count II went on to state that despite this knowledge, Robert had cosigned for a purchase-money loan on the Dodge Shadow and provided guarantees essential to the vehicle's purchase. Finally, it was alleged that Robert had arranged and paid for insurance on the vehicle. The complaint alleged that by virtue of these acts possession and control of the vehicle being operated at the time of the accident had been negligently entrusted to Daniel.

Robert filed a motion to dismiss under section 2—619 of the Civil Practice Law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619.) This motion was supported by an affidavit signed by Robert. The motion to dismiss prayed for dismissal of count II premised on the claims that parents are not liable for the torts of their adult children; that as co-owners both Daniel and Robert had equal rights to possession of the vehicle and, therefore, Daniel could not legally be deprived of the vehicle's use; and that at the time of the accident the vehicle was not "under the control" of Robert and so he could not be liable. In the alternative, the motion alleged that since title was taken to the vehicle in May 1987, those incidents occurring in 1988 and 1989 were irrelevant.

The affidavit stated that Robert was Daniel's father. At the time of the accident Daniel was 23 years old, resided in Carbondale, and was enrolled as a student at Southern Illinois University. The affidavit went on to state that in May 1987 Robert had cosigned a loan for Daniel on the Dodge Shadow to enable Daniel to obtain financing. The vehicle was titled in the name of both Daniel and Robert. Occasionally, Robert made insurance payments on the vehicle for Daniel. Finally, the affidavit stated that at the time of the accident Robert resided in Wisconsin.

Prior to the hearing on the motion to dismiss, Robert Gibson's discovery deposition was made a part of the record. Robert admitted in his deposition that he was aware prior to the May 1987 vehicle purchase that Daniel had been convicted of DUI, that Daniel had received multiple speeding tickets, and that his driving privileges had been suspended for excessive violations.

The record also indicates that Daniel's driver's license had been reinstated at the time of the vehicle purchase.

After considering this record and arguments of counsel, the circuit court granted Robert's motion to dismiss count II.The sole issue on appeal is whether the trial court erred in granting the motion to dismiss.

■ Prior to addressing the main issue in this case, we believe that we must again caution counsel to properly identify the motion they are filing. In this case the motion to dismiss is identified as being a section 2—619 motion. However, the motion, the supporting affidavit, the deposition transcript, and other matters of record smack of the flavor of not only a section 2—619 motion but also a motion to dismiss pursuant to section 2—615 and a summary judgment motion under section 2—1005 of the Civil Practice Law. (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619, 2—615, 2—1005.) These "hybrid motions" are

improper, and an order granting such a motion may be subject to reversal if prejudice to the nonmovant results. (*Wilde v. First Federal Savings & Loan Association* (1985), 134 Ill. App. 3d 722, 480 N.E.2d 1236.) In this instance, plaintiff did not object to the "hybrid" nature of the motion, and we perceive no prejudice, so we will address the merits. However, counsel are urged to read *Barber-Colman Co. v. A & K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 603 N.E.2d 1215, for a thorough discussion of the difference between the various motions. See also *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.

The plaintiff claims that Robert Gibson is liable to him in negligence because Robert facilitated the purchase of the vehicle Daniel was operating at the time of the collision. Plaintiff argues that by cosigning for the purchase money loan on the Dodge Shadow and assisting with insurance payments, coupled with the virtual surrender of the vehicle to Daniel Gibson, Robert Gibson effectively entrusted to Daniel the control of the vehicle. Plaintiff further argues that this amounts to a negligent entrustment given Robert's prior knowledge of Daniel's driving record.

Robert Gibson responds that no cause of action for negligent entrustment can be stated under the facts of this case since as co-owners Daniel and Robert had equal rights to use and operate the vehicle. Citing *Barth v. Massa* (1990), 201 Ill. App. 3d 19, 558 N.E.2d 528, *Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340, and the Restatement (Second) of Torts §308, at 100 (1965), Robert maintains that an essential element of the negligent entrustment doctrine is lacking. Specifically, he argues that as co-owner with his son Daniel, he had no right to "control" or limit Daniel's use of the car.

Plaintiff acknowledges that the issue of whether one co-owner of a vehicle can be liable for negligently entrusting the vehicle to his co-owner is a matter of first impression in Illinois. He relies, however, on the case of *Mettelka v. Superior Court* (1985), 173 Cal. App. 3d 1245, 219 Cal. Rptr. 697, as authority for the viability of such a claim.

In *Mettelka*, a father and son were co-owners of a vehicle. The plaintiff sought leave to amend the complaint to allege a negligent entrustment cause of action against the father. Leave to amend was denied and the plaintiff appealed. On appeal the order denying leave to amend was reversed. The appellate court ruled:

> "[T]he mere fact of co-ownership does not prevent one co-owner from controlling use of the vehicle by the other co-owner. Thus, where, as here, plaintiff alleges that one co-owner had power over the use of the vehicle by the other and that the

negligent co-owner drove with the express or implied consent of such controlling co-owner, who knew of the driver's incompetence, the basis for a cause of action for negligent entrustment has been stated." *Mettelka*, 173 Cal. App. 3d at 1250, 219 Cal. Rptr. at 700.

Robert urges us to disregard the decision in *Mettelka*. He argues that under Illinois law one co-owner cannot deprive another co-owner of the use or possession of the jointly owned property. The cases of *Clark v. Covington* (1982), 107 Ill. App. 3d 845, 438 N.E.2d 628, and *Massman v. Duffy* (1947), 333 Ill. App. 30, 40, 76 N.E.2d 547, are relied upon for this proposition.

■ The elements of a cause of action for negligent entrustment are as follows:

1. there must be a negligent entrustment, and
2. the recklessness or inexperience of the one who received control of the entrusted instrument must be a proximate cause of the injury.

*Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 515 N.E.2d 1299.

"To prevail on a theory of negligent entrustment the plaintiff must show that the defendants entrusted a dangerous article to another whom they know, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others." (*Barth*, 201 Ill. App. 3d at 27, 558 N.E.2d at 533.) The briefs of the parties discuss at length the issue of "control" and whether one co-owner may limit the use of a vehicle by his co-owner. Lacking is any discussion of whether there was an "entrustment" and if so when it occurred. The word "entrust" is defined to mean:

"to commit something to another with a certain confidence regarding his care, *use,* or disposal of it." (Emphasis added.) Black's Law Dictionary 478 (5th ed. 1979).

■ In this case, it is undisputed that, absent the financial assistance from Robert, Daniel would have been unable to purchase the Dodge Shadow he was driving at the time of the accident. Robert had total "control" over whether he would assist his son in obtaining possession of the vehicle. When asked to assist with financing, Robert could have said "No." We believe that this power, the power to prevent acquisition of the vehicle, is sufficient to satisfy the control aspect of the negligent entrustment doctrine. Assuming *arguendo* that Robert did not have the right to prevent Daniel's use of the car after co-ownership was established, he nevertheless had the right never to enter into the relationship.

Moreover, in light of Robert's assistance with the purchase and his surrender of possession to Daniel, we believe that there was an entrustment under the definition set forth above. We need not decide in resolving this appeal whether, under different facts, Illinois law would recognize a negligent entrustment cause of action against a nonoperating co-owner of a vehicle. We do hold, however, that under the facts as pleaded in count II of the first amended complaint a cause of action has been stated. The additional verified materials filed in support of and opposition to the motion to dismiss do not alter this conclusion.

Accordingly, the order dismissing count II of the plaintiff's first amended complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

CHAPMAN, P.J., concurs.

JUSTICE WELCH, dissenting:

I respectfully dissent. The majority wants to make new Illinois law based on the California case of *Mettelka v. Superior Court* (1985), 173 Cal. App. 3d 1245, 219 Cal. Rptr. 697, a case that extends negligent entrustment to co-owners. It should be noted that *Mettelka* is based largely on a statute, section 17150 of the California Vehicle Code, setting out liability to "every owner of a motor vehicle *** for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle *** by any person using or operating the same with the permission, express or implied, of the owner." (Cal. Vehicle Code §17150 (Deering 1984).) Illinois has no such statute.

In the instant case, the majority says: "absent the financial assistance from Robert, Daniel would have been unable to purchase the Dodge Shadow he was driving at the time of the accident." (248 Ill. App. 3d at 781.) Thus, the majority reasons, Robert had total "control" over whether he would assist his son in obtaining possession of the vehicle. The majority concludes that Robert's failure to "just say *no*" is sufficient to satisfy the control aspect of the negligent entrustment doctrine. This is a real stretch and a novel theory for a finding of control.

This is also an apparent attempt to enlarge the defendants' pool by creating this new policy. As the court stated in *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 406 N.E.2d 19:

"The fortuitous circumstance of one driver's inability to pay for damages he has caused should not be a reason to open new arenas of liability in search of perfect compensation schemes. \*\*\* The policy of requiring individuals to take responsibility for their own acts militates against the creation of a new duty." (*Fugate*, 84 Ill. App. 3d at 577, 406 N.E.2d at 22.)

Under the reasoning of the majority, where do we stop? Who else should have said no to the adult co-owner in the instant case: the bank, the dealer, the Secretary of State? Moreover, as a matter of public policy, how does one who co-signs or, as the majority says, fails to say "no" for an adult co-owner insure against this newly created liability?

The rule in Illinois regarding joint ownership is well established: each joint tenant is entitled to use and enjoy joint tenancy property as though he were sole owner thereof, subject to the right of his cotenant. (*Clark v. Covington* (1982), 107 Ill. App. 3d 845, 847, 438 N.E.2d 628, 629.) Under Illinois law, Robert did not have the right to prevent Daniel from the use of the car after co-ownership was established. With this opinion, the majority has not only changed joint tenancy law as it relates to the ownership rights of cotenants, but has also expanded the law of joint tenancy as it relates to the duties of the cotenant over the tenancy property. For example, must a husband who jointly owns a vehicle with his wife now take the keys away from his wife after she has an accident for fear of liability for negligent entrustment if she has another accident?

In *Tosh v. Scott* (1984), 129 Ill. App. 3d 322, 472 N.E.2d 591, the reviewing court affirmed the dismissal of a negligent entrustment complaint brought against a father, for injuries resulting from an automobile accident involving the father's adult son. The plaintiff alleged in her complaint that the father negligently sold the automobile to his son, knowing that he did not have a valid driver's license, that he had a severe and extreme drinking problem, that he had been convicted on at least three prior occasions of driving under the influence of alcohol, and that there was a reasonable likelihood that the son would operate that vehicle while under the influence of intoxicating liquor. The court held that the cause of action could not be supported because an essential element of the negligent entrustment case is the defendant's ownership or right to control the vehicle and this element was missing in that case. Under the reasoning of the majority in the instant case, the father in *Tosh* would have been liable because the father had the power to prevent the acquisition of the vehicle by refus-

ing to sell it to his son who had prior convictions for reckless driving and DUI.

I would also find in the instant case that, because Daniel and Robert had equal rights to possession of the vehicle and Robert had no legal right to deprive Daniel of the vehicle's use, the cause of action for negligent entrustment could not be supported because Robert had no right to control Daniel's use of the vehicle. For the above reasons, I would affirm the October 25, 1991, order of the circuit court of Jackson County dismissing count II of plaintiffs' first amended complaint.