KRISTINA LULAY, Plaintiff-Appellant, v. RANDY PARVIN *et al.*, Defendants-Appellees (Carrie Smock, Defendant).

Third District   No. 3—04—0798

Opinion filed August 25, 2005.—Rehearing denied September 23, 2005.

654

Mark A. Rose (argued), of Hatcher & Rose, of Peoria, for appellant.

Bradley W. Dunham (argued), of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellees.

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Kristina Lulay, filed a complaint against defendants, Randy Parvin and Walters Brothers Harley-Davidson, Inc. (Walters Brothers), seeking damages for injuries received in a motorcycle accident. The trial court granted summary judgment in favor of Parvin and Walters Brothers, and Lulay appeals that decision.

## BACKGROUND

Lulay and Parvin were both employees of Walters Brothers. Walters Brothers allows its employees to use company-owned motorcycles for their personal use. On September 5, 1998, Lulay signed a release which, on its face, exculpates Walters Brothers, its employees and agents from any claims resulting from Lulay's participation in a "demonstration ride on September 5, 1998." In the release, Lulay agreed to assume the risk of any accident or personal injury that she might suffer as a result of her participation in the demonstration ride on September 5, 1998. "During Term of Employment" is written after the word "Dated" on the signature line.

At approximately 10:20 p.m., on September 19, 1998, while Lulay was a passenger on a motorcycle owned by Walters Brothers and operated by Parvin with Walters Brothers' permission, Parvin collided with a vehicle driven by Carrie Smock. Lulay was thrown from the motorcycle. Lulay filed suit, ultimately filing an amended complaint against Smock, Parvin and Walters Brothers. Count I seeks relief from defendant Smock and is not relevant to this appeal. Count II seeks

relief from Parvin on a theory of negligence; counts III and IV are directed toward Walters Brothers under theories of vicarious liability and negligent entrustment, respectively. Walters Brothers and Parvin filed, *inter alia,* answers and affirmative defenses to plaintiff's amended complaint.

Ultimately, Walters Brothers and Parvin moved for summary judgment, which was granted by the trial court. The trial court relied on the release as the basis for its summary judgment award.

## ANALYSIS

The issue before this court is whether it was error for the trial court to grant summary judgment in favor of Parvin and Walters Brothers and against Lulay.

On appeal, the reviewing court applies a *de novo* standard of review to a grant of summary judgment. *General Casualty Insurance Co. v. Lacey,* 199 Ill. 2d 281, 284, 769 N.E.2d 18, 20 (2002). Thus, the reviewing court, when viewing the evidence in the light most favorable to the nonmovant, must determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Majca v. Beekil,* 183 Ill. 2d 407, 416, 701 N.E.2d 1084, 1088 (1998).

### I. Construction of Release

First, we consider the release. Lulay argues that the terms of the release only apply to the demonstration ride of September 5, 1998. She argues that the release does not apply to the incident which occurred on September 19, 1998, when Lulay and Parvin were using the motorcycle at about 10:20 p.m. for their sole personal use, benefit and enjoyment. Lulay claims that the release, on its face, shows that it did not extend to the use of the motorcycle on September 19, and therefore, the release does not apply and the court erred in finding, as a matter of law, that it did.

Defendants claim that because "During Term of Employment" is written in the blank on the signature line after "Dated," the release was intended to apply during the duration of Lulay's employment with Walters Brothers for all rides, including rides for employees' sole personal use. Walters Brothers argues that the intent of the parties should be considered and states that the parties' intent was to have the release apply during the length of their employment.

After taking the summary judgment motion against Parvin under advisement, the trial court granted summary judgment in favor of Parvin, finding that the release extended to Parvin as an employee of Walters Brothers. The court found that the release, without contrary evidence, exculpates Parvin from any liability with regard to the ac-

cident that occurred on September 19, 1998. In its order, the trial court noted that there was no distinction made in the release as to whether or not it applies to employees outside the scope of their employment.

■ We disagree with the trial court. We find that a question of material fact exists with regard to the release signed by Lulay. The release was signed by Lulay at the request of Walters Brothers. It specifically provides for exculpation of Walters Brothers and their employees from claims "resulting from or arising out of or in connection with my demonstration ride on September 5, 1998." Throughout the release, it refers to the "demonstration ride." It states that the release is "for and in consideration of the opportunity to engage in a demonstration ride ***. This release extends to any and all claims I have or may have against the released parties *** with respect to the design, manufacture, repair, or maintenance of the motorcycle which I will be demonstration riding or with respect to the conditions, qualifications, instructions, rules, or procedures under which the demonstration ride is conducted. *** I am voluntarily participating in the demonstration ride ***. I expressly agree to assume the entire risk of any accidents or personal injury, *** which I might suffer as a result of my participation in the demonstration ride."

In support of its argument, Walters Brothers cites an affidavit by the president of Walters Brothers, stating that the release was intended to apply during the duration of Lulay's employment. Lulay does not deny that she was employed by Walters Brothers on the date of the incident. However, she did not agree that she intended the release of September 5, 1998, to apply during the length of her employment and for nondemonstration rides.

Clearly, there are genuine issues of material fact regarding the intent of the parties and the terms of the release. There are contradictory terms on the face of the release itself, referring to both the "demonstration ride" on September 5, 1998, and "During Term of Employment." Therefore, we reverse the trial court's award of summary judgment in favor of Parvin and against Lulay.

Although the same is true regarding the release *vis-a-vis* Walters Brothers, Walters Brothers also moved for summary judgment on bases independent of the release. We can affirm the trial court for any reason supported by the record. *Canada Life Assurance Co. v. Salwan*, 353 Ill. App. 3d 74, 817 N.E.2d 1021 (2004). For reasons discussed below, we affirm the granting of summary judgment in favor of defendant Walters Brothers.

## II. *Respondeat Superior*

In count III of Lulay's second amended complaint, Lulay alleges

that immediately prior to and at the time of the incident, Parvin was employed by Walters Brothers and was operating a motorcycle for the purposes of Walters Brothers. Lulay further alleges that as a result of the relationship between Parvin and Walters Brothers, Parvin's actions were attributable to Walters Brothers and, therefore, Walters Brothers is liable under *respondeat superior*.

■ For an employer to be liable for an employee's tort under the doctrine of *respondeat superior*, the tort must have been committed within the scope of the employment. *Pyne v. Witmer*, 129 Ill. 2d 351, 359, 543 N.E.2d 1304, 1308 (1989). In general, the question of whether an act is within the scope of an employee's employment is left to the jury. *Gaffney v. City of Chicago*, 302 Ill. App. 3d 41, 49, 705 N.E.2d 914, 919 (1998). However, the issue may be decided as a matter of law if the answer is sufficiently clear. *Gaffney v. City of Chicago*, 302 Ill. App. 3d at 49. Conduct of an employee is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits or too little actuated by a purpose to serve the master. *Pyne v. Witmer*, 129 Ill. 2d at 360, 543 N.E.2d at 1308; *Montgomery v. Petty Management Corp.*, 323 Ill. App. 3d 514, 517, 752 N.E.2d 598 (2001), quoting *Pyne v. Witmer*, 129 Ill. 2d at 360, 543 N.E.2d at 1308, quoting Restatement (Second) of Agency, § 228 (1958).

■ Our review of the evidence presented to the trial court on the motion for summary judgment shows that neither Parvin nor Lulay was acting within the scope of his or her employment. Neither Parvin nor Lulay was conducting any business on behalf of Walters Brothers when they rode the motorcycle after work on the evening of September 19, 1998. In his affidavit, Parvin states that the use of the motorcycle was solely for his and Lulay's personal use, benefit and enjoyment. Lulay does not dispute this. In her deposition, Lulay admitted that she was not required to ride motorcycles as part of her employment with Walters Brothers. She also stated that if she rode motorcycles, she did it after hours. Lulay failed to present any evidence to show that Parvin's use of the motorcycle on September 19, 1998, was related to his duties as an employee of Walters Brothers. Therefore, we find no genuine issue of material fact regarding whether Parvin's actions were within the scope of his employment. Summary judgment in favor of Walters Brothers on the *respondeat superior* issue (count III) is therefore affirmed.

### III. Negligent Entrustment

Count IV seeks damages from Walters Brothers on a theory of negligent entrustment. Lulay pleads that Walters Brothers negligently

entrusted its vehicle to Parvin subsequent to having observed and/or having been advised that Parvin would drive the vehicle in a unsafe and unreasonable manner.

■ An action for negligent entrustment requires " 'entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others.' " *Zedella v. Gibson*, 165 Ill. 2d 181, 186, 650 N.E.2d 1000, 1002 (1995), quoting *Teter v. Clemens*, 112 Ill. 2d 252, 257, 492 N.E.2d 1340, 1342 (1986), quoting 1 J. Dooley, Modern Tort Law, § 23.01, at 613 (1977). Although a motor vehicle is not a dangerous instrumentality *per se*, a motor vehicle may become one if it is operated by someone who is incompetent, inexperienced or reckless. *Evans v. Shannon*, 201 Ill. 2d 424, 434, 776 N.E.2d 1184, 1190 (2002). The lender may be liable for negligently entrusting a vehicle to another if (1) the lender knows or should know that the one to whom he loaned it is incompetent, inexperienced or reckless in its use; and (2) it was this incompetence, inexperience or recklessness that was a proximate cause of the plaintiff's injuries. *Evans v. Shannon*, 201 Ill. 2d at 434, 776 N.E.2d at 1190; *Zedella v. Gibson*, 165 Ill. 2d at 186, 650 N.E.2d at 1002-03.

■ First, our review of the evidence presented to the trial court on the motion for summary judgment shows that while an entrustment occurred when Walters Brothers loaned the motorcycle to Parvin, Lulay failed to present any evidence to the trial court to raise an issue of fact as to whether Walters Brothers knew or should have known that Parvin was incompetent, inexperienced or reckless in the use of motorcycles. In her deposition, Lulay was asked whether she knew anything about Parvin's ability to operate a motorcycle and she indicated that she had ridden with Parvin "maybe 50 times" prior to September 19, 1998, and that she had never noticed any problems with Parvin's operation of a motorcycle. Lulay also stated that she was not concerned about riding with Parvin. Lulay admitted that she had no knowledge of any problems that Parvin had in operating a motorcycle and that she did not have any concerns about riding with Parvin on September 19, 1998. Lulay also stated during her deposition that, although she knew of employees at Walters Brothers who had knowledge of Parvin's ability to operate a motorcycle, she did not know specifically what that knowledge was. Lulay failed to disclose any other evidence, including any opinion witnesses, to support the allegations of negligent entrustment. At the summary judgment stage, the plaintiff must come forward with some facts to demonstrate that there is a triable issue of fact. If the moving party presents facts which, if not contradicted, would entitle the moving party to judgment

as a matter of law, the opposing party cannot rely upon his complaint alone to raise genuine issues of material fact. *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 313 N.E.2d 457 (1974). Therefore, summary judgment in favor of Walters Brothers on the allegation of negligent entrustment is affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed, as it pertains to Parvin (count II), and affirmed as to Walters Brothers (counts III and IV), and remanded.

Affirmed in part and reversed in part; cause remanded.

LYTTON and O'BRIEN, JJ., concur.