NAAMON JOHNSON, Plaintiff-Appellee, v. BOARD OF REVIEW, ILLI-
NOIS DEPARTMENT OF LABOR, *et al.,* Defendants-Appellants.

First District (1st Division)   No. 83—2984

Opinion filed June 10, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Susan C. Weidel, Assistant Attorney General, of Chicago, of counsel), for appellants.

John B. Judkins and Jeffrey B. Gilbert, both of Legal Assistance Foundation, of Chicago, for appellee.

PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendants, the Board of Review of the Illinois Department of Labor, Bruce Barnes, the Board's chairman, E. Allen Bernardi, director of the Illinois Department of Labor, and Goldblatt Brothers, Inc., appeal from an order reversing the Board's decision denying plaintiff unemployment benefits. On appeal, defendants contend (1) the decision of the Board was supported by the record and was not against the manifest weight of the evidence, and (2) the absence of information from the record warrants remand for consideration of the information.

We affirm.

Plaintiff Naamon Johnson applied to the Illinois Department of Labor for unemployment insurance benefits. The claim's adjudicator determined that Johnson was not "available and actively seeking work," as required by section 500(C) of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 420(C)) and denied benefits for the period February 22, 1981, through July 5, 1981. Plaintiff appealed

and requested that certification forms which he had filed with the Department be considered at the hearing. The forms listed plaintiff's job contacts and were filed by plaintiff every two weeks, as required by the Department's rules. The Department never submitted the forms. After a hearing during which plaintiff testified about his job contacts and his availability for work, the referee found that plaintiff was not available for and actively seeking work. The Board of Review also affirmed the denial of benefits.

Plaintiff filed an action under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*). The complaint alleged that the decision denying benefits violated section 801 of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 471) because the Department failed to supply the certification forms. It further alleged that the decision was against the manifest weight of the evidence. The trial court reversed the final administrative decision and ordered that the benefits for the period in question be awarded to plaintiff.

The only issue raised by defendants which is relevant to the disposition of this appeal is whether the trial court erred in denying their request to remand the case. Defendants contend the cause should have been remanded for consideration of the certification forms. We disagree.

Section 801 of the Unemployment Insurance Act provides in part:

"At any hearing, the record of the claimant's registration for work, or the claimant's certification that, during the week or weeks affected by the hearing, he was able to work, available for work, and actively seeking work, or any document in the files of the Bureau of Employment Security submitted to it by any of the parties, shall be a part of the record, and shall be competent evidence bearing upon the issues." (Ill. Rev. Stat. 1983, ch. 48, par. 471.)

Under this statute, the Department of Labor was required to submit certification forms which it had in its possession. Defendants admit that the forms were not part of the record before the referee or the Board of Appeals in this case. This error is made more egregious by the failure to submit them even after plaintiff requested that they be presented to the reviewers.

The well-established rule is that a party cannot commit error and then seek to benefit from it. (See *American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 371 N.E.2d 232.) Thus, defendants should not be permitted to rely on the error and rehear a matter which should have been adjudicated properly in the first instance.

994

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed. Because of our decision, we need not address the other issue raised.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.