DREISILKER ELECTRIC MOTORS, INC., Plaintiff-Appellant, v. RAINBOW ELECTRIC COMPANY, Defendant-Appellee.

Second District   No. 2—89—1132

Opinion filed September 5, 1990.—Supplemental opinion filed November 1, 1990.

B.J. Farrell, of Fortunato, Farrell & Davenport, Ltd., of Westmont, for appellant.

Sarah E. Chapin and James F. Best, both of Fraterrigo, Best & Beranek, of Wheaton, and Michael J. Lapat, of Michael J. Lapat, Ltd., of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Dreisilker Electric Motors, Inc., appeals from an order of the circuit court granting summary judgment in favor of defendant, Rainbow Electric Company, on count I of plaintiff's complaint. Count I alleged that defendant had violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat.

1989, ch. 121½, par. 262 *et seq.*) by issuing to a third party a report which disparaged plaintiff in the performance of its business. The circuit court found that count I of plaintiff's complaint was barred by the Act's three-year statute of limitations (Ill. Rev. Stat. 1989, ch. 121½, par. 270a(e)). On appeal, plaintiff contends that the discovery rule applies to causes of action filed under the Act and that it filed its complaint in a timely fashion after it discovered it had been injured by defendant's wrongful conduct. We affirm.

The record before us establishes the following undisputed facts. Plaintiff is an Illinois corporation that is in the business of selling and repairing electric motors. Defendant is an Illinois corporation in the business of repairing electric motors, among other things. In October 1983, plaintiff repaired an electric motor owned by Instrumentalist Company (Instrumentalist), which is not a party to this action. A dispute arose between plaintiff and Instrumentalist over payment of plaintiff's invoice for the repairs to the motor. Ultimately, Instrumentalist paid plaintiff for the repairs and arranged for the motor to be delivered to defendant for evaluation.

Defendant inspected the motor, performed some repairs on it and returned it to Instrumentalist on November 4, 1983. At Instrumentalist's request, defendant prepared a written service report dated November 17, 1983, which described the tests and repairs defendant had performed on the motor. Specifically, defendant reported that it had replaced 12 carbon brushes and a bearing.

On July 12, 1984, Instrumentalist sued plaintiff in the circuit court of Cook County, alleging breach of the contract to repair the motor, negligent repair and fraudulent misrepresentation. Instrumentalist attached a copy of defendant's November 17, 1983, report to its complaint. Plaintiff was served with a copy of the summons and the complaint on July 23, 1984, and its president, Henry Dreisilker, read the complaint and attached report shortly thereafter.

In June 1985, plaintiff deposed James Rohner, president of Instrumentalist, as part of the discovery in Instrumentalist's lawsuit against plaintiff. In responses to questions posed by plaintiff's attorney, Rohner testified that the motor and the printing press in which it was installed had been sold to Mall Graphics in Evanston, Illinois, in August or September 1984. Instrumentalist failed to comply in further discovery by refusing to submit its expert witnesses for depositions, and plaintiff obtained summary judgment on Instrumentalist's complaint. The lawsuit was dismissed with prejudice on August 29, 1986.

Sometime after the dismissal of Instrumentalist's complaint, plaintiff obtained Mall Graphics' permission to inspect the motor. Henry Dreisilker testified in a deposition that he opened the motor and observed that 11 of the 12 carbon brushes installed by his company were still inside.

Plaintiff filed a three-count complaint against defendant on September 3, 1987. Pursuant to defendant's motion, the circuit court struck count II, which alleged common-law fraud, but let stand a prior ruling that counts I and III stated causes of action. Defendant subsequently filed a motion for summary judgment on count I on the ground that the complaint had not been filed within the applicable statute of limitations. The circuit court heard the parties' arguments and granted the motion. Plaintiff then filed a motion for a voluntary nonsuit of count III with prejudice. The trial court entered two agreed orders on September 29, 1989, granting plaintiff's voluntary nonsuit of count III, striking the scheduled trial date, and making the dismissal of counts I and II final and appealable. Plaintiff's timely appeal ensued.

The issues presented on appeal are: (1) whether the circuit court properly granted defendant's motion for summary judgment on count I of plaintiff's complaint on the ground that plaintiff's cause of action was barred by the statute of limitations; and (2) whether this court should impose sanctions upon plaintiff or its counsel for pursuing a frivolous appeal pursuant to defendant's motion under Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). We ordered defendant's motion for sanctions and plaintiff's response thereto to be taken with the case. The parties' appellate briefs suggest a subsidiary issue, *i.e.*, whether the so-called discovery rule is applicable to toll the limitations period set forth in section 10a(e) of the Act (Ill. Rev. Stat. 1989, ch. 121½, par. 270a(e)). In view of our resolution of the first issue above, however, we find it unnecessary to answer this question.

■■ It is well settled in this State that summary judgment is a drastic and extraordinary measure which should be granted by the trial court only when the movant's right to judgment as a matter of law is absolutely clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The trial court's function in considering a motion for summary judgment is to determine whether issues of fact which are material to the dispute exist, but not to try those issues. (*Purtill*, 111 Ill. 2d at 240.) Summary judgment should be granted by the trial court only when the court is satisfied that the pleadings, affidavits and other supporting evidence in the record present

no genuine issue of material fact. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The trial court is obliged to construe the record before it most strictly against the movant and most liberally in favor of the nonmovant. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358.) Our function in reviewing a trial court's entry of summary judgment is to determine whether the trial court correctly concluded that there were no genuine issues of material fact and, if so, whether judgment for the moving party was correct as a matter of law. *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 571.

Among other things, the Act prohibits a person engaged in business from "disparag[ing] the goods, services or business of another by false or misleading representation of fact." (Ill. Rev. Stat. 1989, ch. 121½, par. 312(8).) Section 10a(e) provides, "[a]ny action for damages under this Section shall be forever barred unless commenced within 3 years after the cause of action accrued." Ill. Rev. Stat. 1989, ch. 121½, par. 270a(e).

Count I of plaintiff's complaint, filed September 3, 1987, alleges that defendant violated the Act by disparaging plaintiff's business and services in its November 17, 1983, report to Instrumentalist. Simple arithmetic shows that the complaint was filed nearly four years after defendant committed the complained-of act. These facts would seem to dictate the conclusion that plaintiff's complaint is barred by the Act's own explicitly stated three-year limitation period. Plaintiff, however, urges this court to apply the "discovery rule" and hold that the limitation period did not commence until plaintiff "discovered" its injury *and* the wrongful cause of the injury.

■ In support of this contention, plaintiff cites *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, which it claims renders the rule applicable to any statute of limitations. In *Knox College*, the supreme court observed:

> "The discovery rule relating to the statute of limitations has been applied across a broad spectrum of litigation to alleviate what has been viewed as harsh results resulting from the literal application of the statute. The effect of the discovery rule is to postpone the starting of the period of limitations until the injured party knows or should have known of his injury. [Citations.] The difficulty in applying the discovery rule has been in giving meaning to the term commonly used stating the rule, 'knows or should have known of his injury.' " (88 Ill. 2d at 414.)

The supreme court considered this difficulty and relied upon two earlier holdings in which it had explicated the rule and adopted a construction of it which was neither "narrow nor expansive." (88 Ill. 2d at 414-15.) Citing *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, and *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, the court declared that, under the discovery rule, the statute of limitations commences when the potential plaintiff knows or reasonably should know of his injury *and* also knows or reasonably should know that the injury was wrongfully caused. (88 Ill. 2d at 415.) The court stated:

> "In those cases [*Witherell* and *Nolan*] it was made clear that the term 'wrongfully caused' does not mean that the plaintiff must have knowledge of the defendant's negligent conduct before the statute is triggered. * * *
>
> Also, it was made clear in those decisions that a plaintiff need not have knowledge that an actionable wrong was committed before the period begins to run." (*Knox College*, 88 Ill. 2d at 415.)

Rather, the rule triggers the commencement of the limitations period when the injured person has obtained sufficient information to be aware that his injury was caused by another party's wrongful acts. At this point, the injured person is put on notice and is obligated diligently to inquire further to determine whether there is an actionable wrong. *Knox College*, 88 Ill. 2d at 416; *Nolan*, 85 Ill. 2d at 171; *Witherell*, 85 Ill. 2d at 156.

In short, in matters to which the discovery rule applies, the statute of limitations is held in abeyance, but, as the *Knox College* holding illustrates, commencement of the running of the limitations period does not await complete knowledge of the injured party:

> "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. *At that point*, under the discovery rule, the running of the limitations period commences." (Emphasis added.) *Knox College*, 88 Ill. 2d at 416.

■■ ■ Assuming, *arguendo,* that complaints filed under the Act are subject to the discovery rule, determining the point at which an injured party becomes possessed of sufficient information to be alerted to his potential cause of action, thus triggering the commencement of the limitations period under the discovery rule, is usually a question of fact (*Knox College*, 88 Ill. 2d at 416). In some circumstances, however, this determination may be a question of

law. (*Elsa Benson, Inc. v. Kalman Floor Co.* (1989), 191 Ill. App. 3d 1016, 1029.) We conclude, as did the trial court, that plaintiff had reason to know its injury was wrongfully caused on July 24, 1984, at the latest. It received Instrumentalist's complaint based on defendant's report on this date. The date of service and the fact that the complaint included a copy of defendant's report are undisputed. Henry Dreisilker testified that he saw the report shortly after service and stated that he found the report "terrible, insulting and sick." He "definitely" disputed its contents and discussed them with plaintiff's general manager and other personnel who "were 100 percent [in agreement] with me." The record thus conclusively establishes that plaintiff was aware of the allegedly disparaging report on approximately July 24, 1984, and disputed its contents immediately. We determine, as a matter of law, that at this point plaintiff had sufficient information concerning the injury and its cause that a reasonable person in its place would be obliged to inquire further as to the existence of a cause of action against defendant.

The trial court characterized plaintiff's inspection of the motor sometime after August 29, 1986, as a "red herring" that was irrelevant for purposes of the application of the discovery rule, and we agree with this assessment. Plaintiff's inspection of the motor proved only that defendant apparently lied about some of the repairs its report claimed it had performed. In count I of its complaint, plaintiff alleged that defendant's report "falsely represented to Instrumentalist that [plaintiff] had not correctly repaired the electric motor, had installed the wrong grade of brushes, had installed the wrong type of bearings, and had otherwise poorly, negligently or intentionally failed to repair the electric motor." Plaintiff thus claimed that defendant violated the Act by disparaging *plaintiff's* actions, a viable claim under the Act. By contrast, whether defendant falsely represented *its own* actions is completely immaterial to such a claim.

■■ ■ Plaintiff argues, without citation of authority, that it would be proper to toll the running of the statute of limitations for a six-week period following service of the Instrumentalist lawsuit on July 23, 1984, in order to take into account plaintiff's need for time to answer the Instrumentalist lawsuit and investigate. It is clear under Illinois law that once a party knows or should reasonably know of his injury and that the injury was wrongfully caused, that party has a duty to investigate further to determine if the wrong is actionable. (*Nolan,* 85 Ill. 2d at 171.) The statute of limita-

tions begins to run once this duty to investigate commences; there is no further period of tolling to give the party a chance to complete the investigation. (See *Nolan*, 85 Ill. 2d at 171.) Since we have concluded plaintiff was aware of its injury and its wrongful cause in July 1984, but did not file suit until September 3, 1987, count I was barred by the three-year limitation period set forth in the Act even if the discovery rule was applicable.

■ Defendant has filed a motion with this court to have sanctions imposed against plaintiff pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)) for filing a frivolous appeal. In determining whether an appeal is frivolous, an objective standard should be applied; the appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney. 134 Ill. 2d R. 375(b); *Kennedy v. Miller* (1990), 197 Ill. App. 3d 785, 791.

It would have been readily apparent to a reasonable, prudent attorney that count I was barred by the three-year statute of limitations under the Act. Plaintiff alleged that defendant violated the Act by disparaging plaintiff's services in November 1983. Plaintiff did not file its complaint until September 1987. It should have been obvious that the discovery rule, if applicable to actions under the Act, would not save plaintiff's complaint when plaintiff's president and other employees were aware of the disparaging report in July 1984 and immediately disputed its contents.

Plaintiff's success in this appeal was dependent upon its argument that the discovery rule tolled the commencement of the limitations period under the Act until plaintiff inspected the motor on August 29, 1986. This inspection, however, only revealed, according to the evidence, that Rainbow may have lied about the extent of its repairs. As we have pointed out, count I concerned Rainbow's alleged disparagement of Dreisilker's repairs, and Dreisilker was aware of this disparagement no later than July 1984. This argument, which was the basis of plaintiff's appeal, was frivolous. Moreover, plaintiff's claim that Instrumentalist prevented plaintiff from seeing the motor during the course of the Instrumentalist litigation is highly dubious in light of James Rohner's deposition testimony on June 25, 1985, that the motor had already been sold to Mall Graphics, where plaintiff ultimately inspected it.

■ We agree with defendant that sanctions should be imposed against plaintiff for filing a frivolous appeal. Since defendant has not yet done so, we direct defendant to file a statement of reasonable expenses and attorney fees incurred as a result of this appeal

within 14 days. Plaintiff and its attorneys shall have seven days to file a response. This court will then file a supplemental opinion determining the amount of the sanction which will be imposed upon plaintiff and its attorney.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed with sanctions.

UNVERZAGT, P.J., and GEIGER, J., concur.

## SUPPLEMENTAL OPINION

JUSTICE DUNN delivered the opinion of the court:

■ Pursuant to the request in our original opinion, defendant has filed a statement regarding the attorney fees and expenses incurred in defending this appeal. In the statement, defendant seeks recovery for 83.55 hours of attorney time billed at a rate of $85 per hour for a total of $7,101.75, plus $26.12 in expenses. A substantial portion of this time was for services rendered several weeks prior to the filing of plaintiff's notice of appeal; these services bore no relation to the appeal. Defendants also seek to recover for legal research which was not reflected in their brief on appeal. Defendants cited no authority in their appellate brief which had not been cited in their trial court filings. We believe an appropriate sanction would be to compensate defendants for 30 hours of attorney time at the rate of $85 per hour, plus $26.12 in expenses. We, therefore, direct plaintiff and its attorney, B.J. Farrell, to pay defendant $2,576.12 as a sanction for bringing a frivolous appeal. Plaintiff and Farrell shall be jointly and severally liable for payment of this amount.

Additionally, plaintiff has filed a motion requesting reconsideration of our decision to award attorney fees. This motion is denied.

Accordingly, the judgment of the circuit court of Du Page County is affirmed, and defendant is awarded the sum of $2,576.12 pursuant to Supreme Court Rule 375.

Affirmed with sanctions.

UNVERZAGT, P.J., and GEIGER, J., concur.