MARSHALL SPIEGEL *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. HOLLYWOOD TOWERS CONDOMINIUM ASSOCIATION, Defendant-Appellee and Cross-Appellant and Third-Party Plaintiff (Raymond J. Des Rosiers *et al.*, Third-Party Defendants-Appellees).

First District (2nd Division)    Nos. 1—94—0828, 1—94—2350, 1—94—2351, 1—94—4112 cons.

Opinion filed June 11, 1996.—Rehearing denied October 2, 1996.—Modified opinion filed October 8, 1996.

Richard C. Leng, of Leng, Stowell, Friedman & Vernon, of Chicago, for appellants.

Mary Ellen Rosemeyer, Barbara L. Yong, and Peter J. Butler, all of Barbakoff, Zazove & Glick, Chartered, and Arthur L. Klein, Allan Goldberg, and Hal R. Morris, all of Arnstein & Lehr, both of Chicago, for appellees.

JUSTICE DiVITO delivered the opinion of the court:

Defendant Hollywood Towers Condominium Association (the Association) served a notice of intention to evict on plaintiffs Marshall

and Carol Spiegel, who were tenants in a condominium unit owned by the Des Rosiers in the Hollywood Towers Condominium on North Sheridan Road in Chicago. Subsequently, plaintiffs brought an action in the chancery division of the circuit court seeking a declaratory judgment that the Association was bound by the Chicago Residential Landlord and Tenants Ordinance (the ordinance) (Chicago Municipal Code § 5—12—030(b) (November 6, 1991)). The Association, seeking plaintiffs' eviction, counterclaimed. The chancery division dismissed plaintiffs' complaint for declaratory judgment and transferred the action to the municipal department for eviction proceedings. There, the court granted summary judgment in favor of the Association; ordered plaintiffs evicted; granted back rent to defendants Raymond, Bonita, and M. Des Rosiers; and sanctioned plaintiffs and their attorneys pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).

In this consolidated appeal, plaintiffs contend that (1) the chancery division erred in determining that the ordinance did not apply to the Association, (2) they were entitled to a hearing on their defenses to the eviction action, and (3) the circuit court erred in awarding the Des Rosiers Rule 137 sanctions. Plaintiffs' trial counsel, the law firm of Starr & Rowells, appeals on independent grounds the imposition of those sanctions, and the Association cross-appeals, asserting that the denial of its petition for sanctions against plaintiffs was an abuse of discretion. For the reasons that follow, we affirm the judgments of the circuit court.

In January 1993, plaintiffs made several complaints to the Association regarding loud noises coming from the unit located directly above them. As a result, the board of directors of the Association conducted a hearing to determine whether there had been any violations of the condominium declaration. The board concluded that plaintiffs' complaints of noise from the apartment above them were unfounded and that the sounds complained of were common "to most apartment buildings of the same age as Hollywood Towers." With respect to harassment complaints that had been made against Marshall Spiegel, the board cautioned that "any further confrontation between any of the participating parties *** will be considered a violation of the Association's by-laws."

Sometime later, additional complaints were made against Marshall Spiegel. On July 6, 1993, the board determined that plaintiffs had violated the Association's declaration and bylaws; that plaintiffs and the Des Rosiers each should be required to pay $300; and that plaintiffs had to vacate their apartment by July 23, 1993.

In September and October 1993, the Association served plaintiffs with 30-day notices of its intention to file a forcible entry and detainer

action. Plaintiffs responded by seeking an injunction, a declaration that the Association had not complied with the ordinance and was therefore barred from filing that action, and damages. Plaintiffs later amended their complaint to seek a declaration that the Association had not properly resolved their complaint of intolerable noise and requesting that the Association be enjoined to enforce the bylaws against the other tenants.

The Association filed a motion to dismiss and a counterclaim seeking to evict plaintiffs. The chancery division dismissed plaintiffs' complaint with prejudice. The court specifically found that the ordinance was not applicable to the Association where it was not the owner of the rental unit and that the Association's decision was binding with regard to its ruling both on plaintiffs' eviction for failure to comply with the Association's declaration and bylaws and on plaintiffs' complaint of nuisance against the adjoining unit. The court then transferred the Association's forcible entry and detainer counterclaim to the municipal department for further proceedings. There, the Association's counterclaim was consolidated with a similar claim that had been filed by the Des Rosiers.

In the municipal department, the Association, relying on the doctrine of *res judicata*, moved for summary judgment. On May 23, 1994, the circuit court granted the Association's motion for summary judgment, awarding it possession of the unit with enforcement of the order to be stayed for 45 days until July 7, 1994. After trying unsuccessfully to stay that order, plaintiffs were evicted on July 21, 1994.

The Des Rosiers also filed a motion for summary judgment, which was granted on June 29, 1994. In addition to granting the Des Rosiers possession of the unit, the circuit court ordered plaintiffs to pay $8,400 in back rent plus costs. As in the Association's motion, enforcement of the order was stayed until July 7, 1994.

On June 9, 1994, the Association filed a motion seeking Supreme Court Rule 137 sanctions and attorney fees, but that motion was denied. On July 29, 1994, the Des Rosiers also filed a motion for sanctions and attorney fees. The circuit court entered an order awarding the Des Rosiers sanctions in the amount of $5,515.84 against plaintiffs and their counsel, Starr & Rowells, jointly and severally. The court further ordered additional sanctions against Marshall Spiegel, individually, in the amount of $550.41.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs contend that the circuit court erred in dismissing their complaint for declaratory judgment. They assert that because the Association's intention in filing the forcible entry and detainer action

was to assume the possessory rights of the Des Rosiers, it was bound by the provisions of the ordinance as a "successor in interest."

Several preliminary matters must be addressed before we turn to the merits of plaintiffs' claim. Plaintiffs contend that the circuit court lacked jurisdiction under the Forcible Entry and Detainer Act (735 ILCS 5/9—101 *et seq.* (West 1992)) to entertain the Association's counterclaim seeking their eviction.

■ Subject matter jurisdiction is the power of the court to hear and determine the matter presented to it. *In re Estate of Steinfeld*, 158 Ill. 2d 1, 12, 630 N.E.2d 801 (1994). Where a court exceeds its jurisdiction, its order is void and may be attacked at any time. *In re Estate of Steinfeld*, 158 Ill. 2d at 12.

■ Because the Forcible Entry and Detainer Act is a statute that is in derogation of the common law, " '[t]he conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist and *** the mode of procedure provided by it must be strictly pursued.' " *Avdich v. Kleinert*, 69 Ill. 2d 1, 6, 370 N.E.2d 504 (1977).

■ Section 9—102 of the Forcible Entry and Detainer Act provides the circumstances under which an action for possession may be maintained. 735 ILCS 5/9—102 (West 1992). As plaintiffs point out, when the Association filed its counterclaim, that section did not provide that a condominium association could bring an action for possession against a lessor for the breach of any covenants, rules, regulations or bylaws of the Association. See 735 ILCS 5/9—102(a) (West 1992). We note that the current version of the Forcible Entry and Detainer Act was amended by Public Act 89—41, effective June 23, 1995, to so provide. 735 ILCS 5/9—102(a)(7) (West Supp. 1995). In 1993, however, the Forcible Entry and Detainer Act did not itself permit the Association to file an action for possession. That statute, however, is not the only one applicable to this case.

In 1993, section 18(n)(ii) of the condominium Property Act provided in relevant part that "[t]he board of managers may proceed directly against a tenant, at law or in equity, or under the provisions of [the Forcible Entry and Detainer Act], for any other breach by tenant of any covenants, rules, regulations or bylaws." 765 ILCS 605/18(n)(ii) (West 1992). Thus, the Condominium Property Act granted a right of action for the Association not provided for in the Forcible Entry and Detainer Act. Plaintiffs contend that, because of the doctrine of strict construction, the expansion of the Forcible Entry and Detainer Act is impermissible.

In Illinois, however, a construction of two statutes that allows both to stand is favored. *Jahn v. Troy Fire Protection District*, 163 Ill.

2d 275, 280, 644 N.E.2d 1159 (1994). Statutes are to be construed so that they are not rendered meaningless or superfluous. *People v. Singleton*, 103 Ill. 2d 339, 345, 469 N.E.2d 200 (1984). "The primary rule of statutory interpretation is that a court should ascertain and give effect to the intention of the legislature." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91, 606 N.E.2d 1111 (1992).

Here, the plain language of section 18(n)(ii) indicates that the legislature intended to permit condominium associations to proceed under the Forcible Entry and Detainer Act. 765 ILCS 605/18(n)(ii) (West 1992). We decline to hold that this expansion of jurisdiction was impermissible because to do so would render section 18(n)(ii) meaningless. Accordingly, the circuit court had jurisdiction to entertain the Association's action. That is the sensible and reasonable result intended by the legislature.

■ ■ Although the Association argues that plaintiffs' appeal of this issue is moot because they have been evicted from the premises, plaintiffs' amended complaint also sought damages in addition to declaratory relief. Accordingly, our decision affects a matter still in controversy and we consider plaintiffs' appeal. Also, we deny the Des Rosiers' motion to strike a statement in plaintiffs' reply brief that asserts that the Des Rosiers made admissions that were beneficial to plaintiffs.

■ We note that although the Association brought its motion to dismiss pursuant to section 2—615 of the Civil Practice Law (735 ILCS 5/2—615 (West 1992)), the motion asserted that the ordinance was inapplicable to it. That defense is an affirmative matter extraneous to the complaint that may be brought only pursuant to section 2—619 (735 ILCS 5/2—619 (West 1992)). Accordingly, because of the extraneous information relied upon by the Association in its motion, we treat the motion as if brought under section 2—619.

■ The purpose of a motion to dismiss under section 2—619 is to dispose of issues of law and easily proved issues of fact at the outset of a case. *Zedella v. Gibson*, 165 Ill. 2d 181, 185, 650 N.E.2d 1000 (1995). In ruling on a section 2—619 motion to dismiss, a court may consider pleadings, depositions, and affidavits. *Zedella*, 165 Ill. 2d at 185. A reviewing court will determine the propriety of the granting of a motion to dismiss *de novo*. *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583, 615 N.E.2d 50 (1993), *appeal denied*, 152 Ill. 2d 581, 622 N.E.2d 1229 (1993). The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993).

■ We turn to the merits of plaintiffs' claim that the ordinance is applicable to the Association. The ordinance defines "landlord" as "the owner, agent, lessor or sublessor, or the successor in interest of any of them, of a dwelling unit or the building of which it is part." Chicago Municipal Code § 5—12—030(b) (November 6, 1991). Plaintiffs do not dispute that the Des Rosiers were the owners of the condominium unit, but rather claim that the Association acted as their successor in interest as contemplated by the ordinance.

Black's Law Dictionary defines "successor in interest": "a party must continue to retain the same rights as original owner without change in ownership and there must be change in form only and not in substance, and [a] transferee is not a 'successor in interest.' " Black's Law Dictionary 1283-84 (5th ed. 1979).

■ Here, the Association derived its right to maintain an action for possession not from the Des Rosiers but from the Condominium Property Act. As stated previously, that act provides that an association may proceed directly against a tenant for any breach by a tenant of any covenants, rules, regulations, or bylaws. 765 ILCS 605/18(n)(ii) (West 1992). Because the Association had the right to maintain an action for possession independent of the Des Rosiers, we conclude that it was not a successor in interest to which the ordinance would apply.

Plaintiffs rely on several cases in which courts have stated the relationship between a condominium association and unit owners is "akin to that of a landlord and tenant." *Smolek v. K.W. Landscaping*, 266 Ill. App. 3d 226, 639 N.E.2d 974 (1994); *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 723 P.2d 573, 229 Cal. Rptr. 456 (1986); *Hemispheres Condominium Ass'n v. Corbin*, 357 So. 2d 1074 (Fla. 1978). In those cases, however, the courts analogized the duty of a condominium association to use reasonable care in maintaining the common elements to that of a landlord's duty to a tenant; they did not address the issue of whether a condominium association may be considered a successor in interest to a unit owner. Accordingly, we find them unpersuasive and we affirm the circuit court's order dismissing plaintiffs' complaint for declaratory judgment.

## EVICTION PROCEEDINGS

Plaintiffs next contend that the circuit court erred in granting summary judgment in favor of the Association based on its determination that the previous rulings made by the chancery division were *res judicata* with respect to the forcible entry and detainer action.

In appeals from an order granting summary judgment, a reviewing court examines the record *de novo*. *In re Estate of Hoover*, 155 Ill.

2d 402, 411, 615 N.E.2d 736 (1993). A court must consider the affidavits, depositions, admissions, exhibits and pleadings on file and must construe the evidence strictly against the movant. *Hoover*, 155 Ill. 2d at 410-11. Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).

■ In *Burke v. Village of Glenview*, 257 Ill. App. 3d 63, 69, 628 N.E.2d 465 (1994), the court summarized the doctrine of *res judicata*:

"[O]nce a cause of action has been adjudicated by a court of competent jurisdiction, it cannot be retried again between the same parties or their privies in new proceedings. The doctrine has three essential elements to its application: the cause of action, the parties or their privies and the subject matter must be the same in both cases."

Plaintiffs contend that the doctrine of *res judicata* was inapplicable because there was no identity of the causes of action heard in the respective courts. They also claim that the ruling in the eviction proceedings improperly barred them from presenting as their defense their claims that they had not committed the acts alleged as the basis for their eviction and that their eviction was in retaliation for their exercise of their rights under the ordinance.

■ In their complaint for declaratory judgment, plaintiffs asserted that the Association could not maintain an action in forcible entry and detainer without complying with the provisions of the ordinance, and that a determination made by the board of directors was not binding on them. In the forcible entry and detainer action, although the circuit court had already ruled against them on these issues, plaintiffs asserted the same matter as their affirmative defenses. Accordingly, we find that there was identity of the causes of action and the circuit judge in the municipal department properly determined that *res judicata* barred relitigation of those issues.

Also, plaintiffs' contentions that they were improperly barred from presenting as a defense that they had not committed the acts alleged to be the cause of their eviction and that they were being evicted in retaliation for their exercise of their rights under the ordinance had already been decided when the chancery division ruled that plaintiffs were bound by the determination of the Association and that the ordinance did not apply to the Association.

Accordingly, because judgment in favor of the Association was proper as a matter of law, we conclude that the circuit court did not err in granting summary judgment.

## SUPREME COURT RULE 137 SANCTIONS

Plaintiffs contend that the circuit court erred in imposing

Supreme Court Rule 137 (134 Ill. 2d R. 137) sanctions in favor of the Des Rosiers because as "lay persons," they could not have known whether their attorney's legal arguments were in good faith with respect to his "routinely filed" motions to dismiss. They assert that the motions to dismiss for which they were sanctioned were based solely on arguments concerning existing law and not "existing facts" so that only their attorney should have been sanctioned.

█ Rule 137 provides for sanctions where a pleading is not well grounded in fact or warranted by existing law. 134 Ill. 2d R. 137. A circuit court's decision whether to impose Rule 137 sanctions is entitled to considerable deference upon review and will not be reversed absent an abuse of discretion. *In re Marriage of Irvine*, 215 Ill. App. 3d 629, 637, 577 N.E.2d 462 (1991). A circuit court exceeds its discretion only where no reasonable person would take the view adopted by it. *Lewy v. Koeckritz International, Inc.*, 211 Ill. App. 3d 330, 334-35, 570 N.E.2d 361 (1991).

█ The plain language of Rule 137 provides that a court may impose sanctions "upon the person who signed [a frivolous pleading], a represented party, or both." 134 Ill. 2d R. 137. Thus, Illinois courts have sanctioned parties for argument made by counsel, notwithstanding the fact that those arguments were purely "legal" in nature. See, *e.g., Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312, 562 N.E.2d 970 (1990). Here, we find no basis for concluding that the circuit court abused its discretion in imposing sanctions against plaintiffs, especially where the record demonstrates that Marshall Siegel took a very active part in his own defense. Accordingly, the court's order imposing sanctions against plaintiffs in favor of the Des Rosiers is affirmed.

█ Starr & Rowells contends that the sanctions assessed against it should be vacated because the circuit court violated Rule 137 by not setting forth in writing the factual basis for its award. The Des Rosiers have not filed a response, purportedly because Starr & Rowells represented to them that it would voluntarily dismiss its appeal. Starr & Rowells has not done so. We nevertheless reach the merits of its contentions under the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493 (1976).

In *Bank of Homewood v. Chapman*, 257 Ill. App. 3d 337, 349-50, 628 N.E.2d 974 (1993), the court stated:

"The specific factual basis of the trial court's decision [to impose sanctions] is needed so that the reviewing court may determine (1) whether the trial court's decision was an informed one; (2) whether the decision was based on valid reasons that fit the case; and (3)

whether the decision followed logically from the application of the reasons stated to the particular circumstances of the case."

On review, a court order must be construed in a reasonable manner so as to give effect to the apparent intention of the circuit court and must be interpreted in its entirety with reference to other parts of the record. *Granville Beach Condominium Ass'n v. Granville Beach Condominiums, Inc.*, 227 Ill. App. 3d 715, 720, 592 N.E.2d 160 (1992).

The court order imposing sanctions on Starr & Rowells was drafted by one of its own attorneys, and there is a question whether it can now appeal any defect in that order. *Johnson v. Board of Review, Illinois Department of Labor*, 133 Ill. App. 3d 992, 993, 479 N.E.2d 1082 (1985) (party cannot commit error and then seek to benefit from it). Further, the transcript of the hearing on the motion for sanctions indicates that the circuit court articulated in detail the basis for each sanction imposed. Accordingly, we find no error in the court's failure to reduce those reasons to writing.

■ The final matter before us is the Association's cross-appeal, which asserts that the circuit court erred in denying its petition for sanctions against plaintiffs. The Association claims that plaintiffs' conduct in continuing to pursue a claim which they knew had no chance of success was sanctionable. We note that the conduct to which the Association objects was not, in fact, pursuit of a claim, but was rather assertion of affirmative defenses to the Association's counterclaim seeking eviction. Plaintiffs have not filed a response to the cross-appeal, but we again review the merits of the appeal pursuant to *First Capitol Mortgage*, 63 Ill. 2d at 133.

The purpose of Rule 137 is not to penalize litigants and attorneys simply because they might be unsuccessful in their litigation; rather, it is to penalize litigants who plead frivolous or false matters or bring suit without any basis in law. *In re Marriage of Sykes*, 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226 (1992). Although the Association ultimately prevailed against plaintiffs, because of the deference afforded the circuit court's rulings regarding sanctions and the standard of review that requires reversal only when no reasonable person would take the view adopted by the circuit court, we find no basis for concluding that the circuit court erred in denying the Association's motion for sanctions.

The judgments of the circuit court are affirmed.

Affirmed.

HARTMAN, P.J., and BURKE, J., concur.