SECOND DIVISION
 OCTOBER 8, 1996 
 

Nos. 1-94-0828, 1-94-2350, 1-94-2351, and 1-94-4112
(Consolidated)

MARSHALL SPIEGEL and CAROL SPIEGEL, ) Appeal from the 
 ) Circuit Court of
 Plaintiffs-Appellants and ) Cook County.
 Cross-Appellees, )
 )
 v. ) No. 93 CH 9656
 )
HOLLYWOOD TOWERS CONDOMINIUM )
ASSOCIATION, )
 ) Honorable
 Defendant-Appellee and ) Adolphus Rivers,
 Cross-Appellant and ) Judge Presiding. 
 Third-Party Plaintiff )
 ) 
(Raymond J. Des Rosiers, Bonita )
Des Rosiers, and M. Des Rosiers, ) 
 )
 Third-Party Defendants- )
 Appellees). )

 MODIFIED UPON DENIAL OF REHEARING
 
 JUSTICE DiVITO delivered the opinion of the court:

 Defendant Hollywood Towers Condominium Association (the
Association) served a notice of intention to evict on plaintiffs
Marshall and Carol Spiegel, who were tenants in a condominium unit
owned by the Des Rosiers in the Hollywood Towers Condominium on
North Sheridan Road in Chicago. Subsequently, plaintiffs brought
an action in the chancery division of the circuit court seeking a
declaratory judgment that the Association was bound by the Chicago
Residential Landlord and Tenants Ordinance (the ordinance) (Chicago
Municipal Code 5-12-030(b) (November 6, 1991)). The Association,
seeking plaintiffs' eviction, counterclaimed. The chancery
division dismissed plaintiffs' complaint for declaratory judgment
and transferred the action to the municipal department for eviction
proceedings. There, the court granted summary judgment in favor of
the Association; ordered plaintiffs evicted; granted back rent to
defendants Raymond, Bonita, and M. Des Rosiers; and sanctioned
plaintiffs and their attorneys pursuant to Supreme Court Rule 137
(134 Ill. 2d R. 137).
 In this consolidated appeal, plaintiffs contend that (1) the
chancery division erred in determining that the ordinance did not
apply to the Association, (2) they were entitled to a hearing on
their defenses to the eviction action, and (3) the circuit court
erred in awarding the Des Rosiers Rule 137 sanctions. Plaintiffs'
trial counsel, the law firm of Starr & Rowells, appeals on
independent grounds the imposition of those sanctions, and the
Association cross-appeals, asserting that the denial of its
petition for sanctions against plaintiffs was an abuse of
discretion. For the reasons that follow, we affirm the judgments
of the circuit court.
 In January 1993, plaintiffs made several complaints to the
Association regarding loud noises coming from the unit located
directly above them. As a result, the board of directors of the
Association conducted a hearing to determine whether there had been
any violations of the condominium declaration. The board concluded
that plaintiffs' complaints of noise from the apartment above them
were unfounded and that the sounds complained of were common "to
most apartment buildings of the same age as Hollywood Towers." 
With respect to harassment complaints that had been made against
Marshall Spiegel, the board cautioned that "any further
confrontation between any of the participating parties *** will be
considered a violation of the Association's by-laws."
 Sometime later, additional complaints were made against
Marshall Spiegel. On July 6, 1993, the board determined that
plaintiffs had violated the Association's declaration and bylaws;
that plaintiffs and the Des Rosiers each should be required to pay
$300; and that plaintiffs had to vacate their apartment by July 23,
1993. 
 In September and October 1993, the Association served 
plaintiffs with 30-day notices of its intention to file a forcible
entry and detainer action. Plaintiffs responded by seeking an
injunction, a declaration that the Association had not complied
with the ordinance and was therefore barred from filing that
action, and damages. Plaintiffs later amended their complaint to
seek a declaration that the Association had not properly resolved
their complaint of intolerable noise and requesting that the
Association be enjoined to enforce the bylaws against the other
tenants.
 The Association filed a motion to dismiss and a counterclaim
seeking to evict plaintiffs. The chancery division dismissed
plaintiffs' complaint with prejudice. The court specifically found
that the ordinance was not applicable to the Association where it
was not the owner of the rental unit and that the Association's
decision was binding with regard to its ruling both on plaintiffs'
eviction for failure to comply with the Association's declaration
and bylaws and on plaintiffs' complaint of nuisance against the
adjoining unit. The court then transferred the Association's
forcible entry and detainer counterclaim to the municipal
department for further proceedings. There, the Association's
counterclaim was consolidated with a similar claim that had been
filed by the Des Rosiers.
 In the municipal department, the Association, relying on the
doctrine of res judicata, moved for summary judgment. On May 23,
1994, the circuit court granted the Association's motion for
summary judgment, awarding it possession of the unit with
enforcement of the order to be stayed for 45 days until July 7,
1994. After trying unsuccessfully to stay that order, plaintiffs
were evicted on July 21, 1994. 
 The Des Rosiers also filed a motion for summary judgment,
which was granted on June 29, 1994. In addition to granting the
Des Rosiers possession of the unit, the circuit court ordered
plaintiffs to pay $8,400 in back rent plus costs. As in the
Association's motion, enforcement of the order was stayed until
July 7, 1994.
 On June 9, 1994, the Association filed a motion seeking
Supreme Court Rule 137 sanctions and attorney fees, but that motion
was denied. On July 29, 1994, the Des Rosiers also filed a motion
for sanctions and attorney fees. The circuit court entered an
order awarding the Des Rosiers sanctions in the amount of $5,515.84
against plaintiffs and their counsel, Starr & Rowells, jointly and
severally. The court further ordered additional sanctions against
Marshall Spiegel, individually, in the amount of $550.41.
 COMPLAINT FOR DECLARATORY JUDGMENT
 Plaintiffs contend that the circuit court erred in dismissing
their complaint for declaratory judgment. They assert that because
the Association's intention in filing the forcible entry and
detainer action was to assume the possessory rights of the Des
Rosiers, it was bound by the provisions of the ordinance as a
"successor in interest."
 Several preliminary matters must be addressed before we turn
to the merits of plaintiffs' claim. Plaintiffs contend that the
circuit court lacked jurisdiction under the Forcible Entry and
Detainer Act (735 ILCS 5/9-101 et seq. (West 1992)) to entertain
the Association's counterclaim seeking their eviction. 
 Subject matter jurisdiction is the power of the court to hear
and determine the matter presented to it. In re Estate of
Steinfeld, 158 Ill. 2d 1, 12, 630 N.E.2d 801 (1994). Where a
court exceeds its jurisdiction, its order is void and may be
attacked at any time. In re Estate of Steinfeld, 158 Ill. 2d at
12. 
 Because the Forcible Entry and Detainer Act is a statute that
is in derogation of the common law, "'[t]he conditions and
requirements that the statute prescribes in conferring jurisdiction
must clearly exist and *** the mode of procedure provided by it
must be strictly pursued." Avdich v. Kleinert, 69 Ill. 2d 1, 6,
370 N.E.2d 504 (1977). 
 Section 9-102 of the Forcible Entry and Detainer Act provides
the circumstances under which an action for possession may be
maintained. 735 ILCS 5/9-102 (West 1992). As plaintiffs point
out, when the Association filed its counterclaim, that section did
not provide that a condominium association could bring an action
for possession against a lessor for the breach of any covenants,
rules, regulations or bylaws of the association. See 735 ILCS 5/9-
102(a) (West 1992). We note that the current version of the
Forcible Entry and Detainer Act was amended by Public Act 89-41,
effective June 23, 1995, to so provide. 735 ILCS 5/9-102(a)(7)
(West Supp. 1995). In 1993, however, the Forcible Entry and
Detainer Act did not itself permit the Association to file an
action for possession. That statute, however, is not the only one
applicable to this case.
 In 1993, section 18(n)(ii) of the Condominium Property Act 
provided in relevant part that "[t]he board of managers may proceed
directly against a tenant, at law or in equity, or under the
provisions of [the Forcible Entry and Detainer Act], for any other
breach by tenant of any covenants, rules, regulations or bylaws." 
765 ILCS 605/18(n)(ii) (West 1992). Thus, the Condominium Property
Act granted a right of action for the Association not provided for
in the Forcible Entry and Detainer Act. Plaintiffs contend that,
because of the doctrine of strict construction, the expansion of
the Forcible Entry and Detainer Act is impermissible.
 In Illinois, however, a construction of two statutes that
allows both to stand is favored. Jahn v. Troy Fire Protection
District, 163 Ill. 2d 275, 280, 644 N.E.2d 1159 (1994). Statutes
are to be construed so that they are not rendered meaningless or
superfluous. People v. Singleton, 103 Ill. 2d 339, 345, 469 N.E.2d
200 (1984). "The primary rule of statutory interpretation is that
a court should ascertain and give effect to the intention of the
legislature." Abrahamson v. Illinois Department of Professional
Regulation, 153 Ill. 2d 76, 91, 606 N.E.2d 1111 (1992). 
 Here, the plain language of section 18(n)(ii) indicates that
the legislature intended to permit condomimium associations to
proceed under the Forcible Entry and Detainer Act. 765 ILCS
605/18(n)(ii) (West 1992). We decline to hold that this expansion
of jurisdiction was impermissible because to do so would render
section 18(n)(ii) meaningless. Accordingly, the circuit court had
juridiction to entertain the Association's action. That is the
sensible and reasonable result intended by the legislature. 
 Although the Association argues that plaintiffs' appeal of
this issue is moot because they have been evicted from the
premises, plaintiffs' amended complaint also sought damages in
addition to declaratory relief. Accordingly, our decision affects
a matter still in controversy and we consider plaintiffs' appeal. 
Also, we deny the Des Rosiers' motion to strike a statement in
plaintiffs' reply brief that asserts that the Des Rosiers made
admissions that were beneficial to plaintiffs.
 We note that although the Association brought its motion to
dismiss pursuant to section 2-615 of the Civil Practice Law (735
ILCS 5/2-615 (West 1992)), the motion asserted that the ordinance
was inapplicable to it. That defense is an affirmative matter
extraneous to the complaint that may be brought only pursuant to
section 2-619 (735 ILCS 5/2-619 (West 1992)). Accordingly,
because of the extraneous information relied upon by the
Association in its motion, we treat the motion as if brought under
section 2-619.
 The purpose of a motion to dismiss under section 2-619 is to
dispose of issues of law and easily proved issues of fact at the
outset of a case. Zedella v. Gibson, 165 Ill. 2d 181, 185, 650
N.E.2d 1000 (1995). In ruling on a section 2-619 motion to
dismiss, a court may consider pleadings, depositions, and
affidavits. Zedella, 165 Ill. 2d at 185. A reviewing court will
determine the propriety of the granting of a motion to dismiss de
novo. Toombs v. City of Champaign, 245 Ill. App. 3d 580, 583, 615
N.E.2d 50 (1993), appeal denied, 152 Ill. 2d 581, 622 N.E.2d 1229
(1993). The question on appeal is "whether the existence of a
genuine issue of material fact should have precluded the dismissal
or, absent such an issue of fact, whether dismissal is proper as a
matter of law." Kedzie & 103rd Currency Exchange, Inc. v. Hodge,
156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993).
 We turn to the merits of plaintiffs' claim that the ordinance
is applicable to the Association. The ordinance defines "landlord"
as "the owner, agent, lessor or sublessor, or the successor in
interest of any of them, of a dwelling unit or the building of
which it is part." Chicago Municipal Code 5-12-030(b) (November
6, 1991). Plaintiffs do not dispute that the Des Rosiers were the
owners of the condominium unit, but rather claim that the
Association acted as their successor in interest as contemplated by
the ordinance. 
 Black's Law Dictionary defines "successor in interest": "a
party must continue to retain the same rights as original owner
without change in ownership and there must be change in form only
and not in substance, and [a] transferee is not a 'successor in
interest.'" Black's Law Dictionary 1283-84 (5th ed. 1979). 
 Here, the Association derived its right to maintain an action
for possession not from the Des Rosiers but from the Condominium
Property Act. As stated previously, that act provides that an
association may proceed directly against a tenant for any breach by
a tenant of any covenants, rules, regulations, or bylaws. 765 ILCS
605/18(n)(ii) (West 1992). Because the Association had the right
to maintain an action for possession independent of the Des
Rosiers, we conclude that it was not a successor in interest to
which the ordinance would apply. 
 Plaintiffs rely on several cases in which courts have stated
that the relationship between a condominium association and unit
owners is "akin to that of a landlord and tenant." Smolek v. K.W.
Landscaping, 266 Ill. App. 3d 226, 639 N.E.2d 974 (1994); Frances
T. v. Village Green Owners Ass'n, 42 Cal. 3d 490, 723 P.2d 573, 229
Cal. Rptr. 456 (1986); Hemispheres Condominium Ass'n v. Corbin, 357
So. 2d 1074 (Fla. 1978). In those cases, however, the courts
analogized the duty of a condominium association to use reasonable
care in maintaining the common elements to that of a landlord's
duty to a tenant; they did not address the issue of whether a
condominium association may be considered a successor in interest
to a unit owner. Accordingly, we find them unpersuasive and we
affirm the circuit court's order dismissing plaintiffs' complaint
for declaratory judgment.
 EVICTION PROCEEDINGS
 Plaintiffs next contend that the circuit court erred in
granting summary judgment in favor of the Association based on its
determination that the previous rulings made by the chancery
division were res judicata with respect to the forcible entry and
detainer action. 
 In appeals from an order granting summary judgment, a
reviewing court examines the record de novo. In re Estate of
Hoover, 155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993). A court must
consider the affidavits, depositions, admissions, exhibits and
pleadings on file and must construe the evidence strictly against
the movant. Hoover, 155 Ill. 2d at 410-11. Summary judgment is
appropriate if there are no genuine issues of material fact and the
movant is entitled to judgment as a matter of law. Outboard Marine
Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102, 607
N.E.2d 1204 (1992). 
 In Burke v. Village of Glenview, 257 Ill. App. 3d 63, 69, 628
N.E.2d 465 (1993), the court summarized the doctrine of res
judicata:
 "Once a cause of action has been
 adjudicated by a court of competent
 jurisdiction, it cannot be retried again
 between the same parties or their privies in
 new proceedings. The doctrine has three
 essential elements to its application: the
 cause of action, the parties or their privies
 and the subject matter must be the same in
 both cases."
 Plaintiffs contend that the doctrine of res judicata was
inapplicable because there was no identity of the causes of action
heard in the respective courts. They also claim that the ruling in
the eviction proceedings improperly barred them from presenting as
their defense their claims that they had not committed the acts
alleged as the basis for their eviction and that their eviction was
in retaliation for their exercise of their rights under the
ordinance. 
 In their complaint for declaratory judgment, plaintiffs
asserted that the Association could not maintain an action in
forcible entry and detainer without complying with the provisions
of the ordinance, and that a determination made by the board of
directors was not binding on them. In the forcible entry and
detainer action, although the circuit court had already ruled
against them on these issues, plaintiffs asserted the same matter
as their affirmative defenses. Accordingly, we find that there was
identity of the causes of action and the circuit judge in the
municipal department properly determined that res judicata barred
relitigation of those issues. 
 Also, plaintiffs' contentions that they were improperly barred
from presenting as a defense that they had not committed the acts
alleged to be the cause of their eviction and that they were being
evicted in retaliation for their exercise of their rights under the
ordinance had already been decided when the chancery division ruled
that plaintiffs were bound by the determination of the Association
and that the ordinance did not apply to the Association.
 Accordingly, because judgment in favor of the Association was
proper as a matter of law, we conclude that the circuit court did
not err in granting summary judgment.
 SUPREME COURT RULE 137 SANCTIONS
 Plaintiffs contend that the circuit court erred in imposing
Supreme Court Rule 137 (134 Ill. 2d R. 137) sanctions in favor of
the Des Rosiers because as "lay persons," they could not have known
whether their attorney's legal arguments were in good faith with
respect to his "routinely filed" motions to dismiss. They assert
that the motions to dismiss for which they were sanctioned were
based solely on arguments concerning existing law and not "existing
facts" so that only their attorney should have been sanctioned.
 Rule 137 provides for sanctions where a pleading is not well
grounded in fact or warranted by existing law. 134 Ill. 2d R. 137. 
 A circuit court's decision whether to impose Rule 137 sanctions is
entitled to considerable deference upon review and will not be
reversed absent an abuse of discretion. In re Marriage of Irvine,
215 Ill. App. 3d 629, 637, 577 N.E.2d 462 (1991). A circuit court
exceeds its discretion only where no reasonable person would take
the view adopted by it. Lewy v. Koeckritz International, Inc., 211
Ill. App. 3d 330, 334-35, 570 N.E.2d 361 (1991). 
 The plain language of Rule 137 provides that a court may
impose sanctions "upon the person who signed [a frivolous
pleading], a represented party, or both." 134 Ill. 2d R. 137. 
Thus, Illinois courts have sanctioned parties for argument made by
counsel, notwithstanding the fact that those arguments were purely
"legal" in nature. See, e.g., Dreisilker Electric Motors, Inc. v.
Rainbow Electric Co., 203 Ill. App. 3d 304, 312, 562 N.E.2d 970
(1990). Here, we find no basis for concluding that the circuit
court abused its discretion in imposing sanctions against
plaintiffs, especially where the record demonstrates that Marshall
Siegel took a very active part in his own defense. Accordingly,
the court's order imposing sanctions against plaintiffs in favor of
the Des Rosiers is affirmed.
 Starr & Rowells contends that the sanctions assessed against
it should be vacated because the circuit court violated Rule 137 by
not setting forth in writing the factual basis for its award. The
Des Rosiers have not filed a response, purportedly because Starr &
Rowells represented to them that it would voluntarily dismiss its
appeal. Starr & Rowells has not done so. We nevertheless reach
the merits of its contentions under the principles enunciated in
First Capitol Mortgage Corp. v. Talandis Construction Corp., 63
Ill. 2d 128, 133, 345 N.E.2d 493 (1976).
 In Bank of Homewood v. Chapman, 257 Ill. App. 3d 337, 349-50,
628 N.E.2d 974 (1993), the court stated:
 "The specific factual basis of the trial
 court's decision [to impose sanctions] is
 needed so that the reviewing court may
 determine (1) whether the trial court's
 decision was an informed one; (2) whether the
 decision was based on valid reasons that fit
 the case; and (3) whether the decision
 followed logically from the application of the
 reasons stated to the particular circumstances
 of the case."
On review, a court order must be construed in a reasonable manner
so as to give effect to the apparent intention of the circuit court
and must be interpreted in its entirety with reference to other
parts of the record. Granville Beach Condominium Ass'n v.
Granville Beach Condominiums, Inc., 227 Ill. App. 3d 715, 720, 592
N.E.2d 160 (1992).
 The court order imposing sanctions on Starr & Rowells was
drafted by one of its own attorneys, and there is a question
whether it can now appeal any defect in that order. Johnson v.
Board of Review, Illinois Department of Labor, 133 Ill. App. 3d
992, 993, 479 N.E.2d 1082 (1985) (party cannot commit error and
then seek to benefit from it). Further, the transcript of the
hearing on the motion for sanctions indicates that the circuit
court articulated in detail the basis for each sanction imposed. 
Accordingly, we find no error in the court's failure to reduce
those reasons to writing. 
 The final matter before us is the Association's cross-appeal,
which asserts that the circuit court erred in denying its petition
for sanctions against plaintiffs. The Association claims that
plaintiffs' conduct in continuing to pursue a claim which they knew
had no chance of success was sanctionable. We note that the
conduct to which the Association objects was not, in fact, pursuit
of a claim, but was rather assertion of affirmative defenses to the
Association's counterclaim seeking eviction. Plaintiffs have not
filed a response to the cross-appeal, but we again review the
merits of the appeal pursuant to First Capitol Mortgage, 63 Ill.
2d at 133.
 The purpose of Rule 137 is not to penalize litigants and
attorneys simply because they might be unsuccessful in their
litigation; rather, it is to penalize litigants who plead frivolous
or false matters or bring suit without any basis in law. In re
Marriage of Sykes, 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226
(1992). Although the Association ultimately prevailed against
plaintiffs, because of the deference afforded the circuit court's
rulings regarding sanctions and the standard of review that
requires reversal only when no reasonable person would take the
view adopted by the circuit court, we find no basis for concluding
that the circuit court erred in denying the Association's motion
for sanctions.
 The judgments of the circuit court are affirmed.
 Affirmed.
 HARTMAN, P.J., and BURKE, J., concur.