2020 IL App (1st) 200778-U

FIFTH DIVISION
December 31, 2020

No. 1-20-0778

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN G. ADINAMIS FUNERAL DIRECTOR, LTD., | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 CH 8685 |
| | ) | |
| ROBERT J. SMITH FUNERAL HOMES, INC., d/b/a | ) | |
| SMITH-CORCORAN FUNERAL HOME, | ) | |
| | ) | Honorable David B. Atkins |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The circuit court did not err in granting defendant's motion to dismiss.  Affirmed.

¶ 2   Plaintiff John G. Adinamis Funeral Director, Ltd., filed a complaint against defendant Robert J. Smith Funeral Homes, Inc., d/b/a Smith-Corcoran Funeral Home (Smith-Corcoran), alleging improper use of a trade name.  Defendant moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)), arguing that it had purchased the rights to the trade name.  The circuit court granted defendant's motion, and plaintiff now appeals that dismissal.  We affirm.

¶ 3                                    BACKGROUND

¶ 4     This case comes before this court following the circuit court's granting of defendant's motion to dismiss. The following facts are taken from the pleadings.

¶ 5     Adinamis Funeral Directors, Limited (AFD), was a funeral service company established in 1902. Plaintiff John G. Adinamis Funeral Director, Ltd. (Adinamis), and defendant Smith-Corcoran are also funeral service companies. Plaintiff and AFD are distinct business entities. John G. Adinamis (John) owns plaintiff; AFD was owned by John's uncles and other family members, but not John. In 1991, plaintiff and defendant began a business relationship under which defendant leased its facilities to plaintiff. Plaintiff terminated that relationship in April 2019.

¶ 6     On August 1, 2002, following the death of John's uncles, Pfaff-Garner Corporation (Pfaff-Garner) agreed to purchase the assets of AFD (the 2002 purchase agreement). Among the assets purchased in the transaction were "General Intangibles," defined in the agreement as "the right[,] title and interest of [AFD] in and to the Property (including specifically the Name), ***." "Names"[1] was defined in the agreements as follows:

> "Names:    shall collectively mean 'Adinamis Funeral
> Directors, Ltd.'; 'Adinamis Funeral Home' and all other related
> name and names commonly used in the operation of the funeral
> home business at 4700 North Western Avenue, Chicago, IL ***
> and known as 'Adinamis Funeral Home' including, without
> limitation, the names now or hereafter used in connection with ***

---

[1]   The agreement had a boilerplate provision that terms in the plural shall include the singular, and vice versa.

the Property, and in each case including [AFD's] trade names,

trademarks and service marks[.]"

The 2002 purchase agreement specifically defined "Property" to include "Name" and "General Intangibles."

¶ 7     On December 1, 2006, defendant purchased the assets of Pfaff-Garner pursuant to an asset purchase agreement (the 2006 purchase agreement).  The property which defendant agreed to purchase included "Names," which the agreement defined collectively as " 'Pfaff-Garner-Adinamis Funeral Home,' 'Pfaff-Garner Home' and all other related name and names commonly used in the operation of the funeral home business at 5303 North Western Avenue, Chicago, IL and in each case including [Pfaff-Garner's] trade names, ***."

¶ 8     On April 29, 2019, plaintiff sent a letter to defendant terminating its business relationship with defendant.  Plaintiff further advised defendant that it had registered the assumed name of "Adinamis Funeral Directors" and was continuing to actively do business in its corporate name of "John G. Adinamis Funeral Director, Ltd."  Plaintiff further stated that defendant's acquisition of Pfaff-Garner's assets "whose name includes the name of a deceased relative" indicated defendant's intentions to "inappropriately attempt to convert [plaintiff's] good will."  Plaintiff warned defendant that it would take all steps necessary to protect its property rights.

¶ 9     On May 6, 2019, defendant sent a letter to plaintiff in response.  Defendant denied any wrongdoing, stated that it had a legitimate right to use business names it had acquired, and responded that plaintiff's "purported registration of an assumed name" did not diminish defendant's property rights to use the business names that defendant had purchased.  Defendant countered that it would vigorously itself, assert its rights, and seek recovery for frivolous claims.

¶ 10    On July 25, 2019, plaintiff filed a three-count complaint against defendant seeking injunctive and monetary relief for defendant's alleged improper use of the name "Adinamis Funeral Directors." Count 1 of the complaint sought injunctive relief, count 2 alleged a violation of the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/1 *et seq.* (West 2018)) (the Consumer Fraud Act), and count 3 alleged unjust enrichment.

¶ 11    On September 24, 2019, defendant moved to dismiss the entire complaint pursuant to section 2-619(a)(9) of the Code. Defendant attached to its motion the affidavit of its president, Robert Smith. Smith's affidavit stated that defendant advertised its services using the AFD name following its 2006 purchase of Pfaff-Garner's assets. Smith added that, from the 2006 purchase through 2019, he frequently spoke to John regarding defendant's purchase and use of the AFD name. Smith said plaintiff was "fully aware" of defendant's purchase of the AFD name. An exhibit to defendant's motion to dismiss also included a printout from the Illinois Secretary of State indicating that plaintiff had registered AFD as an assumed corporate name in December 2017.

¶ 12    Plaintiff responded to defendant's motion, arguing that (1) defendant improperly contradicted certain specific allegations in the complaint and (2) defendant did not own the rights to the AFD name because the corporation bearing the AFD name was dissolved in 2004. Plaintiff's response also included the affidavit of Colm Halpin, plaintiff's general manager. Halpin's affidavit stated that he was "familiar with Dan Garner and how he ran Pfaff-Garner," and that Dan Garner never used the Adinamis name.

¶ 13    On June 12, 2020, the circuit court issued a written order granting defendant's motion. Relying on the two purchase agreements, the court found that defendant purchased the right to the AFD name following defendant's purchase of Pfaff-Garner's assets, which defeated

4

plaintiff's three claims. The court further found that, with respect to the Consumer Fraud Act claim, plaintiff could not allege deceptive practices and misuse on the part of defendant because it appeared that plaintiff began using the AFD name *after* defendant's 2006 purchase of the rights to use the name. This appeal follows.

¶ 14                                    ANALYSIS

¶ 15    Plaintiff contends that the circuit court erred in granting defendant's motion to dismiss. Specifically, plaintiff argues that the court erred in (1) dismissing the complaint despite the fact that the motion "introduced disputed facts" and (2) finding that defendant owned the rights to the name "Adinamis Funeral Directors."

¶ 16    Defendant's motion to dismiss was brought under section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and "easily proved issues of fact at the outset of litigation." *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). Under section 2-619, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. As a result, a motion to dismiss pursuant to section 2-619 should not be granted unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* We review *de novo* a circuit court's decision on a section 2-619 motion to dismiss. *Id.*

¶ 17    Section 2-619 of the Code permits dismissal if "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2018)), where "affirmative matter" refers to a defense that "negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL

123626, ¶ 16. In other words, affirmative matter includes "any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993). If, however, the affirmative matter is not apparent on the face of the complaint, the motion must be supported by affidavit. *Id.* at 116. If the affidavits adequately support the asserted defense, the defendant satisfies the initial burden of going forward on the motion, and the burden then shifts to the plaintiff. *Id.* The plaintiff must establish that the defense either is unfounded or requires the resolution of an essential element of material fact, and the plaintiff may establish this by affidavits or other proof. *Id.* "A counteraffidavit is necessary, however, to refute evidentiary facts properly asserted by affidavit supporting the motion [or] else the facts are deemed admitted." *Id.* When a defendant submits an affidavit in support of a motion to dismiss that controverts a well-pleaded fact in the complaint, and the plaintiff fails to file a counteraffidavit disputing the facts in the defendant's affidavit, the facts set forth in the affidavit are accepted as true despite any contrary assertions in the plaintiff's complaint. *Nielsen-Massey Vanillas, Inc. v. City of Waukegan*, 276 Ill. App. 3d 146, 155 (1995).

¶ 18 Plaintiff's complaint sought injunctive relief and alleged a violation of the Consumer Fraud Act as well as unjust enrichment. We first examine the circuit court's dismissal of the Consumer Fraud Act count, which is dispositive of the other two counts.

¶ 19 The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers, and businesspersons against fraud, unfair methods of competition, and other unfair and deceptive business practices. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002). The elements of a claim under the Act are: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, and

(3) the occurrence of the deception during a course of conduct involving trade or commerce. *Id.* at 417.

¶ 20 We can resolve this case by simply reviewing the plain language of the two purchase agreements. By doing so, we conclude that plaintiff cannot establish the first element of a valid consumer fraud claim. Plaintiff's claim is focused on defendant's alleged improper use of a trade name. The record in this case, however, reveals that the right to use the trade name at issue, AFD, was purchased first by Pfaff-Garner in 2002 and then defendant in 2006. The 2002 purchase agreement provided that Pfaff-Garner agreed to purchase all the property of AFD, including its name. In turn, the 2006 purchase agreement provided in relevant part that defendant agreed to purchase *all* of Pfaff-Garner's trade names. It is well established that trade names may be transferred to another who intends to continue the business with which is it associated. *Cf. Goodman v. Motor Products Corp.*, 9 Ill. App. 2d 57, 79 (1956) ("Trade-marks and trade-names are not assignable apart from the right to *** continue the business with which they are connected."). There is no dispute that plaintiff, defendant, AFD, and Pfaff-Garner all provide funeral services, so the transfer of the AFD trade name to Pfaff-Garner (and Pfaff-Garner's subsequent transfer of the trade names to defendant) were proper. Defendant's legal use of a trade name it purchased is not a deceptive act.

¶ 21 In addition, the affidavit of defendant's president (Smith) stated that, on numerous occasions beginning in 2006, he spoke to plaintiff's owner (John) regarding defendant's purchase and use of the AFD name. Smith's affidavit also included both the 2002 purchase agreement and the 2006 purchase agreement.

¶ 22 Plaintiff claims that defendant's motion improperly introduced disputed facts, which would not support the granting of a motion to dismiss. As noted above, however, the purpose of

a section 2-619 motion to dismiss is to settle "easily proved issues of fact at the outset of litigation." *Zedella*, 165 Ill. 2d at 185. Here, the facts noted above in Smith's affidavit were not disputed by the counteraffidavit of plaintiff's general manager (Colm Halpin, not John). Halpin's counteraffidavit merely stated that "Dan Garner[, who] ran Pfaff-Garner," never used the Adinamis name. Since plaintiff's counteraffidavit failed to refute evidentiary facts properly asserted by defendant's affidavit in support of its motion, those facts in defendant's affidavit are deemed admitted. *Kedzie*, 156 Ill. 2d at 116. Thus, plaintiff's Consumer Fraud Act claim was properly dismissed.

¶ 23 Plaintiff also argues that the 2004 dissolution of the corporation bearing the AFD name automatically resulted in the dissolution of the trade name of AFD, so Pfaff-Garner could not sell the rights to the AFD name to defendant in 2006. Defendant argues that plaintiff has forfeited this "abandonment" argument because plaintiff failed to raise it in the circuit court. Plaintiff's response to defendant's motion argued in part that defendant could not own the AFD name because the name was "given up" two years before defendant's purchase of Pfaff-Garner's assets. Setting aside whether plaintiff forfeited this argument, plaintiff's claim is unavailing. This court has long held that the purchaser of a company and its associated trade name does not "abandon" the trade name if the purchased company subsequently dissolves. *Texaco, Inc. v. Kane County Oil, Inc.*, 96 Ill. App. 2d 383, 388-89 (1968). Therefore, plaintiff's argument on this point is meritless.

¶ 24 Turning to plaintiff's first count, which sought injunctive relief, we note that a permanent injunction is not a separate cause of action; it is an equitable remedy that a court can order when the plaintiff succeeds on the underlying cause of action, but the available legal remedy is inadequate. *Kopnick v. JL Woode Management Co., LLC*, 2017 IL App (1st) 152054, ¶ 34

(citing *Town of Cicero v. Metropolitan Water Reclamation District of Greater Chicago*, 2012 IL App (1st) 112164, ¶ 18). A party seeking a permanent injunction must not only allege a recognized cause of action but also succeed on the merits of the cause of action to be entitled to permanent injunctive relief. *Id.* Here, plaintiff's injunctive relief claim is predicated upon defendant's purportedly "unjustified" use of the AFD name. Since we have already held that defendant was entitled to use the AFD name following its purchase of Pfaff-Garner's assets, plaintiff's ability to succeed on the merits of this claim is doomed. He is therefore not entitled to injunctive relief. *Id.* Accordingly, the circuit court did not err in dismissing this count.

¶ 25    Plaintiff's third count, unjust enrichment, suffers a similar fate. To establish a cause of action based upon a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates " 'the fundamental principles of justice, equity, and good conscience.' " *Cuevas v. Berrios*, 2017 IL App (1st) 151318, ¶ 29 (quoting *HPI Health Care Services, Inc. v. Mount Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160 (1989)). This court has previously held that unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery. *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 631 (2008); *Lewis v. Lead Industries Ass'n, Inc.*, 342 Ill. App. 3d 95, 105 (2003). Where an underlying claim of fraud is deficient, this court has affirmed the dismissal of the unjust enrichment claim. *Mulligan*, 382 Ill. App. 3d at 631 (citing *Mosiman v. BMW Financial Services NA, Inc.*, 321 Ill. App. 3d 386, 392 (2001)). Here, plaintiff's unjust enrichment claim alleges facts that are virtually identical to those alleged in the Consumer Fraud Act count. We have already held that the Consumer Fraud Act claim is deficient, so we are compelled to affirm the circuit court's dismissal of plaintiff's unjust enrichment claim.

¶ 26    CONCLUSION

¶ 27    The circuit court did not err in granting defendant's motion to dismiss plaintiff's complaint. Plaintiff could not establish a deceptive act on the part of defendant, which warranted dismissal of the Consumer Fraud Act claim. Since plaintiff's remaining two counts, for injunctive relief and unjust enrichment, shared the same erroneous factual basis, the court correctly dismissed those two counts. Accordingly, we affirm the circuit court's judgment.

¶ 28    Affirmed.